The Chief Justice
delivered the opinion.
The defendant in error having-obtained a judgment'in ejectment against the -plaintiff* commissioners were appointed to oghess the- value of the land and improvements, in pursuance of the act of assembly, pa.-sed January Sit, 1812, The commissioners ipade their report, and the defendciit in-error-failing to execute bond for the value of the improvements, the p!sin¡ ¡if in error elected to take the land; and* gave bo--d-and security to the defendant m error tor the value of the laud, aud the court made an order that the de- *15 fisndant in error should, at the rust terra of the court, execute bond, with approved security, to secure to the plaintiff in error the title of the land.
whenade-fl-ndant in e* jectm’t takes covered beTs entitled i,> a releastofthe g,ves ⅜,8 hand for the vakie- ,⅛.'* ⅛8%⅛ onff s day to . sec ' e ⅛* rP‘ l8ase'
Widclljja for plaintiff, rJatb4 for defendant.
To these proceedings this writ of error is prosecuted; Snd the assignment of error questions the propriety of the order of the court, requiring the defendant in error to execute a bond to secure the title, instead of\ releasing his title and executing bond to refund to the plaintiff in error the value of the land in case of eviction by a paramount title; and in not requiring these to be executed simultaneously with the execution ot the bond by the plaintiff in error for the value of the land.
These objections, we are of opinion, are well founded. The 10th section of the act of assembly, which gives to the successful claimant the election to take the value of the land in case the value of the improvements exceed three fourths of the value of the land, expressly provides that the successful claimant shall deliver his claim to the occupant, and give bond and approved security to refund the money in case the occupant or improver should be eviett d. I his provision ought, we suppose, to be applied as well to the case where the occupant has the eleetion to take the land, as to the case where the successful claimant has a right to the election to take the value of the land.
There is nothing in the language of the provision itself to confine it to the latter case; aad the reason of the tiling is equally applicable to both cases. For as, in either case, the occupant is to have the land, he ought, in either case, to have the title.
If, then, the plaintiff in error had a right to a release of the defendant’s title, (herí- can be doubt that the defendant ought to have executed the release before or at the time of the execution of the bond for the value or the land; for by the terras of the provision requiring the execution of the release, it is made a precedent condition, Upon which, the successful claimant is entitled to a judgment, ora bond, which has the force of a judgment; and the act of assembly has provided no other mode for enforcing the execution of the release and bond required to be given by the successful claimant.
The bond and order of the court must, therefore, be reversed, and the cause be remanded for proceedings to be-had not inconsistent with this opinion.
The plan tiff in err r to recover his costs.