GARPEG, LIMITED, Petitioner,

and

Citibank, N.A., Intervenor,

v.

UNITED STATES of America,
Respondent.

No. 83 Civ. 6885 (RWS).

United States District Court,
S.D. New York.

July 6, 1984.

Gallop, Dawson, Kimelman & Clayman, New York City, for petitioner; Steven Kimelman, Charles E. Clayman, Chris McAliley, New York City, of counsel.

Shearman & Sterling, New York City, for intervenor; Danforth Newcomb, Stuart D. Sender, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty. for the Southern District of New York, for respondent; Jonathan Lindsey, Asst. U.S. Atty., New York City, of counsel.

## OPINION

SWEET, District Judge.

As more fully set forth in the opinion of this date in *Vanguard International Manufacturing, Inc. v. United States*, 588 F.Supp 1229 (RWS), this action is one of a series of related actions arising out of an Internal Revenue Service ("IRS") investigation of Dr. Aldo Gucci ("Gucci") and Gucci Shops, Inc. ("Gucci Shops"). On August 22, 1983, the IRS issued an administrative summons to Citibank, N.A. ("Citibank"), a third-party recordkeeper, pursuant to sections 7602 and 7609 of the Internal Reve-

nue Code of 1954, 26 U.S.C. §§ 7602, 7609. The summons requested production of, among other things, records of accounts over which Gucci had signatory authority. The IRS mailed notice of the summons to Gucci and his authorized representatives on August 24, 1983.

Garpeg, Ltd. ("Garpeg") filed the instant petition to quash the summons on September 20, 1983. The Government moved to enforce the summons on November 21, 1983 but subsequently asked that the action be placed on the court's suspense calendar. On December 30, 1983, Citibank moved to intervene pursuant to 26 U.S.C. § 7609(b)(2)(C). By letter dated April 4, 1984, the Government requested that the case be restored to active status. Citibank has moved to quash the summons to the extent it seeks production of documents located in Hong Kong. The Government's motion to enforce and the motions of Garpeg and Citibank to quash the summons were heard on May 25, 1984. For the following reasons, the summons will be enforced, and the petition to quash the summons will be dismissed.

**Discussion**

■ Garpeg argues that the IRS failed to give notice to Garpeg pursuant to 26 U.S.C. § 7609, despite the fact that the summons calls for production of records relating to Garpeg's financial affairs. For the reasons set forth in the court's opinion of this date in *Vanguard International Manufacturing, Inc. v. United States,* 588 F.Supp. 1229 (RWS), however, Garpeg was not entitled to notice of the summons. As a result, Garpeg also lacks standing to maintain this action pursuant to 26 U.S.C. § 7609. The IRS gave notice to Gucci, as required by the statute, but Gucci has not contested enforcement of the summons.

■ Citibank has moved to quash the summons insofar as it requests production of documents located in Hong Kong. Citibank has reviewed its records and informed the court that the only records located in Hong Kong which are responsive to the

summons relate to accounts of Gucci Co., Ltd. Gucci Co. Ltd. has apparently obtained the equivalent of a temporary restraining order in Hong Kong, prohibiting Citibank from producing such records.

Although the court recognizes the uncomfortable position in which Citibank finds itself—subject to conflicting orders in two sovereign nations in which it does business—the balancing test adopted by the Second Circuit in *United States v. First National City Bank,* 396 F.2d 897, 902 (2d Cir.1968), weighs in favor of enforcement. The vital interest of the United States in the enforcement of its tax laws prevails over Hong Kong's interest in maintaining the confidentiality of banking records, a common law doctrine rather than a statutory mandate. *See Garpeg, Ltd. v. United States,* 583 F.Supp. 789 at 794–797 (S.D.N.Y.1984); *United States v. Chase Manhattan Bank, N.A.,* 584 F.Supp. 1080 at 1083–1087 (S.D.N.Y.1984).

■ Citibank has moved, in the alternative, for an order compelling Garpeg or Gucci to consent to production of records maintained by Citibank in Hong Kong or an injunction against Garpeg, Gucci or Gucci Co., Ltd. to prohibit their pursuit of litigation against Citibank in Hong Kong with respect to the records summoned by the IRS. The only summoned records maintained by Citibank in Hong Kong relate to Gucci Co., Ltd. accounts over which Gucci has signatory authority. Citibank has no Garpeg records in Hong Kong which are the subject of this summons, and neither Gucci nor Gucci Co., Ltd. is currently before this court. Accordingly, Citibank's motion for a preliminary injunction or for a compelled waiver of rights under Hong Kong law is denied.

■ The summons will be enforced because the IRS has demonstrated that the summoned material may be relevant to its investigation. The test for relevance is whether the documents requested "might have thrown light upon" the correctness of the return. *United States v. Arthur Young & Co.,* 677 F.2d 211, 215, 218 (2d

Cir.1982), *rev'd in part, aff'd in part,* — U.S. ——, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984); *United States v. Noall,* 587 F.2d 123, 125 (2d Cir.1978), *cert. denied,* 441 U.S. 923, 99 S.Ct. 2031, 60 L.Ed.2d 396 (1979); *United States v. Shlom,* 420 F.2d 263, 265 (2d Cir.1969), *cert. denied,* 397 U.S. 1074, 90 S.Ct. 1521, 25 L.Ed.2d 809 (1970); *Foster v. United States,* 265 F.2d 183, 187 (2d Cir.), *cert. denied,* 360 U.S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1959). Even under the somewhat higher standard of relevance articulated in *United States v. Harrington,* 388 F.2d 520, 523 (2d Cir. 1968), the IRS has met its burden because it seeks records pertaining to bank accounts over which Gucci had signatory authority during the period under investigation.

Accordingly, the summons is enforced and the petition to quash the summons is dismissed.

**IT IS SO ORDERED.**