**VANGUARD INTERNATIONAL MANU-FACTURING, INC., Petitioner,**

v.

**UNITED STATES of America, Respondent.**

No. 83 Civ. 6884 (RWS).

United States District Court, S.D. New York.

July 6, 1984.

Gallop, Dawson, Kimelman & Clayman, New York City, for petitioner; Steven Kimelman, Charles E. Clayman, Chris McAliley, New York City, of counsel.

Rudolph W. Giuliani, U.S. Atty., S.D. N.Y., New York City, for respondent; Jonathan Lindsey, Asst. U.S. Atty., New York City, of counsel.

## OPINION

SWEET, District Judge.

This action is one of a series of related actions arising out of an Internal Revenue Service ("IRS") investigation of the tax liability of Dr. Aldo Gucci ("Gucci") and Gucci Shops, Inc. ("Gucci Shops") for the years 1979, 1980 and 1981. In connection with the investigation, the IRS issued a number of summonses to Chase Manhattan Bank, N.A. ("Chase") and Citibank, N.A. ("Citibank"), requesting production of financial records of Gucci, Gucci Shops and various third parties. Two summonses issued to Chase were enforced in prior actions, one by this court, *Garpeg, Ltd. v. United States*, 583 F.Supp. 789 (S.D.N.Y.1984), and one by the Honorable Gerard L. Goettel, *United States v. Chase Manhattan Bank, N.A.*, 584 F.Supp. 1080 (S.D.N.Y.1984). Both actions have been appealed, and the Government has recently moved to hold Chase in civil contempt for failure to comply with the summonses. In addition, three summonses issued to Citibank, as well as the summons issued to Chase which is the subject of this action, have been enforced by opinion and order of this date. *See Garpeg, Ltd. v. United States*, 588 F.Supp. 1237 (E.D.Va.1984); *Garpeg, Ltd. v. United States*, 588 F.Supp. 1239 (S.D. N.Y.1984); *Vanguard International Manufacturing, Inc. v. United States*, 588 F.Supp. 1229 (S.D.N.Y.1984).

Petitioner Vanguard International Manufacturing, Inc. ("Vanguard"), a Panamanian corporation, commenced this action on September 20, 1983 by filing a petition to

quash an administrative summons issued by the IRS on August 22, 1983 to Chase pursuant to sections 7602 and 7609 of the Internal Revenue Code of 1954, 26 U.S.C. §§ 7602, 7609. The summons requested production of records located in "all branches of Chase Manhattan Bank including ... Chase Manhattan Bank, Hong Kong," concerning, among other things, bank accounts "in the name of and/or under the signatory authority of Aldo Gucci for the period January 1, 1979 through December 31, 1981." The documents summoned were required to be produced in New York on September 21, 1983. Notice of the summons was mailed to authorized representatives of Gucci on August 24, 1983. Vanguard was not identified in the summons, and notice of the summons was not mailed or otherwise delivered to Vanguard.

Chase intervened in the action pursuant to 26 U.S.C. § 7609(b) and has moved to quash the summons to the extent it seeks production by Chase of documents subject to an order of the Supreme Court of Hong Kong enjoining Chase from producing such documents. Chase has moved, in the alternative, for a preliminary injunction pursuant to Fed.R.Civ.P. 65 requiring Vanguard (i) to take all steps in its power to have the Hong Kong order withdrawn or otherwise made ineffective and to discontinue all legal proceedings presently pending against Chase in the courts of Hong Kong or (ii) to waive all rights to secrecy of its bank records which it possesses by virtue of Hong Kong law and to consent to Chase's production of documents pursuant to the IRS summons.

For the following reasons, Chase's motion is denied, the Government's motion to enforce the summons is granted, and the petition to quash the summons is dismissed.

## Discussion

Vanguard contends that the IRS failed to provide notice as required by 26 U.S.C.

§ 7609 because it did not give Vanguard notice of the summons, despite its request for production of records of Vanguard's financial affairs. The Government contends that Vanguard was not entitled to notice of the summons because it was not identified in the summons. Vanguard also argues that the IRS has failed to demonstrate a sufficient nexus between Vanguard's records and Gucci, the subject of the IRS investigation. Finally, Vanguard contests enforcement of the summons because the matter has been referred to the Department of Justice for criminal prosecution.

Section 7609(a) of the Internal Revenue Code of 1954, 26 U.S.C. § 7609(a), requires that notice of a summons served on a third-party recordkeeper,[1] such as Chase, which requires production of "any portion of records made or kept of the business transactions or affairs of any person (other than the person summoned) who is identified in the description of the records contained in the summons," must be given to the person so identified within three days of the day service is made but no later than twenty-three days before the records are to be examined. Any person who is entitled to notice under 26 U.S.C. § 7609(a) has the right to intervene in an enforcement proceeding, 26 U.S.C. § 7609(b)(1), or to bring a proceeding to quash the summons within twenty days after notice is given, 26 U.S.C. § 7609(b)(2)(A).

 The IRS's authority to issue third-party summonses is very broad. *See* 26 U.S.C. § 7602; S.Rep. No. 938, 94th Cong., 2d Sess. 369–71, *reprinted in* 1976 U.S. Code Cong. & Ad.News 2897, 3796–3803. Section 7609 was enacted to provide limited protection against unreasonable infringements upon the civil rights of taxpayers through the IRS's use of third-party summonses. *United States v. New York Telephone Co.*, 682 F.2d 313, 315–16 (2d Cir. 1982). The situation under prior law was described as follows:

---

1. A third-party recordkeeper is defined to include banks and other financial institutions, consumer reporting agencies, persons extending credit, brokers, attorneys and accountants. 26 U.S.C. § 7609(a)(3).

The person to whom the records pertain may ... have some protectable interest which could be asserted to bar enforcement of the summons. However, there is no legal requirement that the taxpayer (or other party) to whose business or transactions the summoned records relate be informed that a third-party summons has been served.

H.R.Rep. No. 658, 94th Cong., 1st Sess. 306–07, *reprinted in* 1976 U.S.Code Cong. & Ad.News 3202–03 (citation omitted); *see* S.Rep. No. 938, *supra*, at 368. In enacting section 7609, Congress concluded that "many of the problems in this area would be cured if the parties to whom the records pertain were advised of the service of a third-party summons and were afforded a reasonable and speedy means to challenge the summons where appropriate." H.R. Rep. No. 658, *supra*, at 307, 1976 U.S.Code Cong. & Ad.News at 3203; S.Rep. No. 938, *supra*, at 368, 1976 U.S.Code Cong. & Ad. News at 3798.

Vanguard argues persuasively that it is entitled to the procedural safeguards of Section 7609 and, in particular, its notice provisions. If free to do· so, the court would have followed the reasoning set forth in *United States v. First Bank*, Stand.Fed.Tax Rep. (CCH) ¶ 9269 (D.Conn. Sept. 27, 1983) (84–1 USTC Advance Sheets), which held that a co-owner of a joint bank account who is not identified in the summons is entitled to notice when an administrative summons is served on a third-party recordkeeper. Unfortunately for Vanguard, subsequent to the argument on this and related motions, the Court of Appeals reversed that decision, *United States v. First Bank*, 737 F.2d 269 (2d Cir.1984), and adopted a literal interpretation of the language of section 7609, despite the broader Congressional intent expressed in the legislative history. The Court of Appeals concluded that "the plain meaning of § 7609(a) requires that notice be given only to the person or persons 'identified' in the summons, and since [the taxpayer] was the only person identified therein, [the IRS] was not required to give notice to any co-owner of [the taxpayer's]

account as a pre-condition to obtaining the records summoned." *Id.* at 271. The Court of Appeals further stated:

We recognize that our literal interpretation of § 7609(a)'s notice provision may lead to situations where in response to an IRS summons a third-party recordkeeper may well find itself disclosing records in which there is a joint owner and, unless the joint owner is identified in the summons, he will not be notified of the issuance of the summons. In our view, however, this possibility was not thought by Congress to create a sufficient infringement to warrant the inclusion of additional statutory notice requirements for unidentified persons. We believe this view to be reasonable.

■ Although the instant case involves a taxpayer with signatory authority over corporate bank accounts and the corporation, rather than co-owners of a joint bank account, the Court of Appeals' interpretation of section 7609 must be regarded as controlling. As a result, Vanguard, a foreign corporation who is not a target of an IRS investigation, is not entitled to notice of an administrative summons issued to a third-party recordkeeper which requests production of its financial records, and, more importantly, it is not entitled to contest the validity of the summons which requests production of its financial records. *See* 26 U.S.C. § 7609(b)(1), (b)(2)(A).

The IRS gave notice of the summons to Gucci and his authorized representatives, and, according to *First Bank*, it was required to do no more. Vanguard must rely on Chase, the third-party recordkeeper, to challenge the summons simply because the IRS chose not to identify Vanguard in the summons, even though a third-party recordkeeper's interest "in protecting the privacy of the records in question is frequently far less intense than that of the person to whom the records pertain." S.Rep. No. 938 at 369; H.R.Rep. No. 658 at 307.

Chase has indeeḍ intervened in this action and seeks to quash the IRS summons to the extent it requires production of docu-

ments maintained in Hong Kong. Chase argues that this action is distinguishable from *Garpeg, Ltd. v. United States,* 583 F.Supp. 789 (S.D.N.Y.1984) and *United States v. The Chase Manhattan Bank, N.A.,* 584 F.Supp. 1080 (S.D.N.Y.1984), in which IRS summonses were enforced which required production of documents in Hong Kong because the Hong Kong court has entered an order of preliminary injunction since the enforcement orders in those actions, in effect prohibiting Chase from complying with the IRS summons. At the time of the two earlier decisions, the Hong Kong court had only issued an interim order.

▆▆ While it appears that Chase is actively pursuing the Hong Kong litigation in an effort to dissolve the injunction, the fact that the Hong Kong court chose to disregard this court's earlier decision in the *Garpeg* action does not alter the court's reasoning. The balancing test set forth in the Restatement (Second) Foreign Relations Law of the United States § 40 (1965), adopted by the Second Circuit in *United States v. First National City Bank,* 396 F.2d 897, 902 (2d Cir.1968), and considered by this court in the March 1984 *Garpeg* and *FDC* opinions, tips in favor of enforcement. The court recognizes the difficult position in which Chase finds itself, however, the first two critical factors of the Restatement's balancing test, the vital national interests of each state and the extent and nature of the hardship that inconsistent enforcement actions would impose on Chase, remain unchanged. Accordingly, for the reasons set forth in the March 23, 1984 opinion in *Garpeg* and in the opinion of the Honorable Gerard L. Goettel in *United States v. Chase Manhattan Bank, N.A., supra,* the summons will be enforced and Chase will be required to produce the records requested, including those in Hong Kong.

▆▆ The criteria for judicial enforcement of an IRS summons are set forth in *United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 255, 13 L.Ed.2d 112 (1964). The Government must make an initial showing:

> that the investigation will be conducted pursuant to a legitimate purpose, and the inquiry may be relevant to the purpose, that the information sought is not already within the Commissioner's possession, and the administrative steps required by the Code have been followed
> . . . .

The threshold showing of relevance required for enforcement of an IRS summons is whether the information requested might shed light upon the correctness of a taxpayer's return. *United States v. Arthur Young & Co.,* 677 F.2d 211, 218 (2d Cir. 1982), *rev'd in part, aff'd in part,* —— U.S. ——, 104 S.Ct. 1495, 79 L.Ed.2d 826 (1984); *United States v. Noall,* 587 F.2d 123, 126 (2d Cir.1978), *cert. denied,* 441 U.S. 923, 99 S.Ct. 2031, 60 L.Ed.2d 396 (1979); *United States v. Davey,* 543 F.2d 996, 1000 (2d Cir.1976). It is the taxpayer's burden to establish that enforcement of the summons would constitute an abuse of the court's process. *United States v. Powell,* 379 U.S. at 58, 85 S.Ct. at 255. *Accord, United States v. LaSalle National Bank,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221 (1978); *Reisman v. Caplin,* 375 U.S. 440, 84 S.Ct. 508, 11 L.Ed.2d 459 (1964); *SEC v. Knopfler,* 658 F.2d 25, 26 (2d Cir.1981), *cert. denied,* 455 U.S. 908, 102 S.Ct. 1255, 71 L.Ed.2d 446 (1982); *United States v. Morgan Guaranty Trust Co.,* 572 F.2d 36 (2d Cir.), *cert. denied,* 439 U.S. 822, 99 S.Ct. 89, 58 L.Ed.2d 114 (1978); *United States v. Davey, supra,* at 1000.

▆▆ The Government has submitted a supplemental affidavit of Richard Collery, Special Agent of the Criminal Investigation Division of the IRS (the "Collery affidavit") in support of enforcement.[2] The Collery

---

**2.** Vanguard argues that the court should not consider the supplemental affidavit because information contained in it may not have been in Special Agent Collery's possession at the time he issued the summons. While the court in its

April 19, 1984 opinion in *Garpeg, Ltd. v. United States,* 84 Civ. 437 (RWS), concluded that the IRS's good faith should be determined at the time of issuance of the summons and, of course, relevancy is a factor in determining good faith,

affidavit indicates that Gucci controls Vanguard and that Vanguard owns 16.7% of the stock of Gucci Shops. Moreover, Vanguard also holds the title to one of Gucci's residences in Palm Beach, Florida. Vanguard loaned nearly $2 million to Gucci Shops in 1980, and, in 1981, Gucci Shops made substantial loan repayments to Vanguard, some of which were apparently credited to Gucci's account. These facts have not been disputed by Vanguard, and they readily meet the low standard of relevance under section 7602. As the Supreme Court noted:

> As the language of § 7602 clearly indicates, an IRS summons is not to be judged by the relevance standards used in deciding whether to admit evidence in federal court. *Cf.* Fed.Rule Evid. 401. The language "may be" reflects Congress' express intention to allow the IRS to obtain items of even *potential* relevance to an ongoing investigation, without reference to its admissibility. The purpose of Congress is obvious: the Service can hardly be expected to know whether such data will in fact be relevant until it is procured and scrutinized. As a tool of discovery, the § 7602 summons is critical to the investigative and enforcement functions of the IRS, *see United States v. Powell*, 379 U.S. 48, 57 [85 S.Ct. 248, 254, 13 L.Ed.2d 112] (1964); the Service therefore should not be required to establish that the documents it seeks are actually relevant in any technical, evidentiary sense.

*United States v. Arthur Young & Co.,* — U.S. ——, ——, 104 S.Ct. 1495, 1501, 79 L.Ed.2d 826 (1984).

■ Although Vanguard argues that the IRS's use of the summons will not be for a legitimate purpose because the matter has been referred to a grand jury, the summons was issued in the good faith pursuit of congressionally authorized purposes, *i.e.*, to ascertain the correctness of any return or to determine any person's tax

liability. *See United States v. LaSalle National Bank, supra,* 437 U.S. 298, 98 S.Ct. 2357, 57 L.Ed.2d 221. The materials sought are relevant to a determination of the accuracy and validity of Gucci's tax returns for the period January 1, 1979 through December 31, 1981. The subsequent referral of the matter to the Department of Justice for a criminal investigation does not strip an otherwise validly issued summons of enforceability for the reasons previously stated in *Garpeg, Ltd. v. United States,* 84 Civ. 437, slip op. (S.D.N.Y. April 19, 1984).

For the foregoing reasons the Government's motion to enforce the summons is granted, and Vanguard's petition to quash the summons is dismissed. Chase's motion for a preliminary injunction or for a compelled waiver of Vanguard's rights is denied for the reasons set forth in the *Garpeg, Ltd. v. United States,* 583 F.Supp. 789 (S.D.N.Y.1984), and, more importantly, because Vanguard is not properly before this court.

**IT IS SO ORDERED.**

---

the court disagrees with Vanguard's argument that a court, in an enforcement proceeding, may not consider information discovered by the IRS

after the date the summons was issued in determining whether the records requested are relevant to the investigation.