UNITED STATES of America and Special Agent Richard J. Collery of the Internal Revenue Service, Plaintiffs,

v.

The CHASE MANHATTAN BANK, N.A. and F.D.C. Company, Ltd., Defendants.

M–18–304 (GLG).

United States District Court, S.D. New York.

Aug. 16, 1984.

---

Rudolph W. Giuliani, U.S. Atty. S.D.N.Y., New York City for U.S.A. by Jonathan A. Lindsey, Asst. U.S. Atty., New York City, of counsel.

Milbank, Tweed, Hadley & McCloy, New York City, for The Chase Manhattan Bank, N.A. by Andrew J. Connick, New York City, of counsel.

## OPINION

GOETTEL, District Judge.

Before the Court is a motion by the United States for an order holding the Chase Manhattan Bank, N.A. ("Chase") in civil contempt for failing to comply with this Court's Opinion and Order dated March 27, 1984. This Order enforced a summons issued by the Internal Revenue Service ("IRS") for the production of bank records in the custody of Chase.[1] *United States v. Chase Manhattan Bank, N.A.,* 584 F.Supp. 1080 (S.D.N.Y.1984). For the reasons outlined below, the Court holds Chase in contempt and orders it to pay a fine of $5,000 per day for each day that it fails to produce the summoned documents. However, the Court takes note that its Order has been appealed to the Court of Appeals. Therefore, enforcement of the contempt penalty is stayed for thirty days following the decision of the Court of Appeals and the issuance of its mandate.

## BACKGROUND

The facts of this case are set forth in detail in *United States v. Chase Manhattan Bank, supra,* 584 F.Supp. at 1081–83, so only a brief recapitulation is necessary here.

On December 29, 1983, the IRS issued a summons requiring Chase to produce the banking records of F.D.C. Company, Ltd. ("F.D.C."), a Hong Kong corporation. The IRS sought those records in connection with its investigation into the tax liabilities of Aldo Gucci and Gucci Shops, Inc. ("Gucci"). In seeking enforcement of its summons, the IRS asserted that there was an unusually close relationship between Gucci and F.D.C., and that F.D.C. may have been created as a corporate front to collect money that was properly taxable to Gucci and to create expenses that Gucci could charge against its income. *Id.* at 1082–83 & nn. 2–4.

Ordinarily, summons enforcement is a relatively uncomplicated matter. In this case, however, the records sought by the IRS were located in Hong Kong, and F.D.C. had applied for, and obtained, an interim injunction from a Hong Kong court barring Chase from surrendering the summoned documents to the IRS. Since issuing the interim injunction (which was issued after an *ex parte* hearing), the High Court of Justice in Hong Kong has held a hearing and has continued the interim order pending a full trial on the issues. *F.D.C. Co. v. Chase Manhattan Bank, N.A.,* No. 712 (High Ct. of Justice Apr. 24, 1984).

In extending the interim order, Judge Clough noted that there was little likeli-

1. Pending before Judge Robert W. Sweet is a parallel case involving Chase Manhattan Bank, N.A. ("Chase") that also arises from the Internal Revenue Service's ("IRS") investigation into the tax liabilities of Aldo Gucci and Gucci Shops, Inc. ("Gucci"). Judge Sweet has reached substantially similar results as has this Court. In *Garpeg, Ltd. v. United States,* 583 F.Supp. 789 (S.D.N.Y.1984), Judge Sweet ordered Chase to produce the documents sought by the IRS summons. In *Garpeg, Ltd. v. United States,* No. 84-0437 (S.D.N.Y. July 10, 1984), Judge Sweet held Chase in contempt and imposed a fine of $10,000 per day for each day that Chase failed to comply with his order to produce the summoned documents.

In a series of other cases also arising from attempts by the IRS to probe into Gucci's tax liabilities, Judge Sweet also ordered enforcement of IRS summonses. *Garpeg v. United States,* No. 84-0435 (S.D.N.Y. July 6, 1984); *Vanguard International Manufacturing, Inc. v. United States,* No. 83-6884 (S.D.N.Y. July 6, 1984); and *Garpeg, Ltd. v. United States,* 588 F.Supp. 1237 (S.D.N.Y.1984).

hood that F.D.C. would suffer any commercial harm as a result of having its records turned over to the IRS, and that whatever harm it would suffer could be recovered from Chase in an action for monetary damages. *Id.* at 8–9. Judge Clough also admitted that "it seems to me wholly understandable and by no means unexpected" that the United States courts would order enforcement of the IRS summons. *Id.* at 19. Nevertheless, Judge Clough concluded, "I am not satisfied that there is any real risk of contempt proceedings being brought at all or that [Chase] will be in any real jeopardy if such proceedings should be instituted before the trial of this action." *Id.*

In the enforcement proceeding before this Court, Chase argued that enforcement should be denied because it was bound by an order of the Hong Kong courts not to produce the summoned documents. That line of attack was rejected earlier. *United States v. Chase Manhattan Bank, supra,* 584 F.Supp. at 1085–87.

Now, arguing that it should not be held in contempt, Chase renews the same arguments. They must again be rejected for the reasons outlined below.

### DISCUSSION

■ A federal court has the power to punish "[d]isobedience or resistance to its lawful writ, process, order, rule, decree, or command," 18 U.S.C. § 401(3) (1982). It is uncontested here that the Court's Order is lawful and proper. Chase, however, contends that it is unable to comply with the Order because it is still under an order of the Hong Kong court not to release the summoned documents, and it cannot, therefore, be held in contempt. (Ordinarily, the inability to comply with an order of a court is a defense to a civil contempt proceeding. *Shillitani v. United States,* 384 U.S. 364, 371, 86 S.Ct. 1531, 1536, 16 L.Ed.2d 622 (1966); *Societe Internationale Pour Participations Industrielles et Comericiales v. Rogers,* 357 U.S. 197, 211, 78 S.Ct. 1087, 1095, 2 L.Ed.2d 1255 (1958).)

Chase also argues that it has made a good faith effort to comply with the Order of this Court[2] and that it has vigorously contested the order of the Hong Kong court.

The Court need not address either of these two arguments because both points (the Hong Kong order as a bar to compliance and Chase's good faith) were raised in the enforcement proceeding and were found unpersuasive. *United States v. Chase Manhattan Bank, supra,* 584 F.Supp. at 1085–87.[3]

■ Once a court has issued an order, the validity of that order may not be reliti-

**2.** The degree of Chase's good faith was called into question in the papers of the United States, which point out that the initial order of the Hong Kong court was issued on January 30, 1984, the date Chase was required, under the terms of the IRS summons, to present the documents to the IRS in New York. The Government argues that if Chase had indeed been acting in good faith, the summoned documents (or copies of them) would have been in New York on the date the Hong Kong order was issued and thus Chase would have been able to comply with the Order of this Court. Because the Court finds that the question of Chase's good faith is not relevant to its decision here, there is no need to explore this avenue.

**3.** This Court followed the law of the Second Circuit. *See United States v. Chase Manhattan Bank, N.A.,* 584 F.Supp. 1080, 1085–86 (S.D.N.Y. 1984). The Second Circuit has adopted the five-part balancing test set forth in the *Restatement (Second) of Foreign Relations Law* § 40 (1965), in which the vital interests of the conflicting jurisdictions are balanced against the hardships imposed on the parties. *United States v. First National City Bank,* 396 F.2d 897, 902 (2d Cir. 1968).

Chase now argues that, under the proposed *Restatement of Foreign Relations Law* § 420(2) (Tent. Draft No. 3 Mar. 15, 1982), it should not be held in contempt because it has made a good faith effort to secure permission to release the documents in question. This argument must fail. . First, the proposed Restatement has not yet been adopted as the law of this circuit. Second, the proposed Restatement refers only to information that may not be released because of a "law or regulation." Here, there is only an order of a court. Finally, the proposed Restatement does not state a hard and fast rule. It only suggests that a court "may not ordinarily impose the sanction of contempt" for failure to produce summoned documents.

gated, *United States v. Rylander*, 460 U.S. 752, 103 S.Ct. 1548, 1552, 75 L.Ed.2d 521 (1983), and that is what Chase is attempting to do here. In *Rylander*, the Court explained:

"It would be a disservice to the law if we were to depart from the long-standing rule that a contempt proceeding does not open to reconsideration the legal and factual basis of the order alleged to have been disobeyed and thus become a retrial of the original controversy. The procedure to enforce a court's order commanding or forbidding an act should not be so inconclusive as to foster experimentation with disobedience."

*United States v. Rylander, supra,* 103 S.Ct. at 1552 (quoting *Maggio v. Zeitz,* 333 U.S. 56, 69, 68 S.Ct. 401, 408, 92 L.Ed. 476 (1948)); *United States v. Edgerton,* 734 F.2d 913 (2d Cir.1984).

The *Rylander* Court noted that "present" inability to comply with a court order would be an appropriate defense in a civil contempt proceeding. *United States v. Rylander, supra,* 103 S.Ct. at 1552. However, in the instant case, none of the facts as to the existence or whereabouts of the documents have changed. The summoned bank records are still in the possession of Chase and they are still located in Hong Kong.

Clearly, Chase finds itself in a difficult position, faced as it is with conflicting orders by two courts. However, it appears that the order of the Hong Kong court was premised largely on the belief that this Court would not enforce its order with a contempt citation. Based on the case law, this Court has no choice but to hold Chase in contempt. As we noted in the enforcement proceeding, Chase's "predicament is due to its having chosen to do business in a jurisdiction in which the laws are at odds with those of its home jurisdiction. In this situation, the bank must either surrender to one sovereign or the other in return for the privileges it receives 'or alternatively ... accept the consequences.'" *United States v. Chase Manhattan Bank, supra,* 584 F.Supp. at 1086 n. 7 (quoting *United States v. First National City Bank,* 396 F.2d 897, 905 (2d Cir.1968)).

CONCLUSION

For the foregoing reasons, the Court adjudges Chase to be in contempt of its Order dated March 27, 1984, and orders that it pay a fine of $5,000 per day for each day it continues to refuse to release the summoned documents to the IRS. This order is stayed for thirty days following the outcome of Chase's appeal of the March 27th Order and the issuance of the circuit court mandate.

SO ORDERED.