UNITED STATES of America, Plaintiff,

v.

PHILIP MORRIS USA., f/k/a Philip Morris, Inc. et al., Defendants.

No. CIV.A. 99–2496(GK).

United States District Court, District of Columbia.

March 30, 2004.

Sharon Yvette Eubanks, Renee Brooker, Stephen Dudley Brody, U.S. Department of Justice, Washington, DC, for Plaintiff.

Alfred McDonnell, Arnold & Porter, Denver, CO, Amy L. McGinnis, Amy Elizabeth Ralph, Anne McBride Walker, Duane J. Mauney, Floyd E. Boone, Jr., James Miller Rosenthal, Jeanna Maria Beck, Jonathan Louis Stern, Kendall Millard, Kevin M. Green, Leslie Wharton, Melissa L. Marglous, Michael R. Geske, Murray R. Garnick, Nick Malhotra, Peter Thomas Grossi, Jr., Ryan David Guilds, Sharma Jnatel Simmons, Sharon L. Taylor, Stacy J. Pollock, Susan Louise Lyndrup, Brian K. Esser, Arnold & Porter, Robert M. Rader, Thomas M. Stimson, Timothy M. Broas, Winston & Strawn LLP, Geoffrey T. Wright, Jonathan Redgrave, Patrick L. Hubbard, Paul Sommer Ryerson, Peter John Biersteker, Robert Francis McDermott, Jr., Karen O'Brien Hourigan, Jones Day, John Buchanan Williams, William M. Bailey, Collier Shannon Scott, PLLC, Andrew Martin McCormack, William Charles Hendricks, III, King & Spalding, David Mendelson, Dawn D. Marchant, Karen McCartan DeSantis, Kenneth N. Bass, Kirkland & Ellis LLP, Rebecca I. Ruby, Goodwin Procter, LLP, Edward Craig Schmidt, Matthew David Schwartz, Thompson Coburn, LLP, Fred W. Reinke, Clifford Chance Us, LLP, Michael Asher Schlanger, Sonnenschein, Nath & Rosenthal, Arnon D. Siegel, Lawrence Saul Robbins, Roy T. Englert, Jr., Robbins, Russell, Englert, Orseck & Untereiner, Bruce G. Merritt, Judah Best, Kevin C. Lombardi, Steven Klugman, Debevoise & Plimpton, Ely Clausen Jr., James Alexander Goold, Joseph A. Kresse, Keith Allen Teel, Covington & Burling, Washington, DC, Ashley Cummings, Hunton & Williams, Dan H. Willoughby, Leign Ann Dowden, King & Spalding, Atlanta, GA, Ben M. Germana, Herbert M. Wachtell, Jeffrey M. Wintner, Steven M. Barna, Wachtell, Lipton, Rosen & Katz, C. Ian Anderson, Davis, Polk & Wardwell, James Lewis Brochin, Theodore V. Wells, Jr., Paul, Weiss, Rifkind, Wharton & Garrison, Lauren J. Bernstein, Winston & Strawn, Harold K. Gordon, Jones, Day, Reavis & Pogue, Aaron H. Marks, Daniel R. Benson, Julie R. Fischer, Leonard A. Feiwus, Marc E. Kasowitz, Nancy E. Straub, Kasowitz, Benson, Torres Friedman, L.L.P., Demetra Frawley, Mary Elizabeth McGarry, Michael V. Corrigan, Simpson Thatcher & Barlett, Bruce G. Sheffler, David L. Wallace, F. John Nyhan, Garyowen P. Morrisroe, Jessica L. Zellner, Timothy M. Hughes, William Salvatore D'Amico, Lawrence Edward Savell, Chadbourne & Parke LLP, David Runtz, Dennis H. Hranitzky, Joseph P. Moodhe, Steven S. Michaels, Debevoise & Plimpton, New York City, Bradley E. Lerman, Dan K. Webb, Elizabeth D. Jensen, Jeffrey Wagner, Kevin J. Narko, Luke A. Palese, Ricardo E. Ugarte, Thomas J. Frederick, Winston & Strawn, David M. Bernick, Douglas G. Smith, Michelle H. Browdy, Stephen R. Patton, Steven D. McCormick, Kirkland & Ellis, Chicago, IL, Cindy L. Gantnier, Erik D. Nadolink, Patricia M. Schwarzschild, Richard H. Burton, Cheryl Grissom Ragsdale, Christy L. Henderson, Michele B. Scarponi, Hunton & Williams, Jason T. Jacoby, Richmond, VA, Daniel C. Jordan, Hunton & Williams, Mc-

Lean, VA, Seth Barrett Tillman, U.S. Courthouse, Newark, NJ, David B. Alden, Paul Crist, Randal S. Baringer, Robert C. Weber, Jones, Day, Reavis & Pogue, Cleveland, OH, Elizabeth P. Kessler, Ivan C. Smith, Scott C. Walker, Jones, Day, Reavis & Pogue, Columbus, OH, Lisa M. Sheppard, Womble, Carlyle, Sandridge & Rice, PLLC, Winston–Salem, NC, Nicholas N. Nierengarten, Gray, Plant, Mooty, Mooty & Bennett, PA., Minneapolis, MN, Paul Lamont McDonald, Philadelphia, PA, Bruce D. Ryder, J. William Newbold, James M. Cox, Michael B. Minton, Richard Paul Cassetta, Thompson Coburn LLP, St. Louis, MO, Paige Q. Szajnuk, Richard Paul Cassetta, Shook, Hardy & Bacon, Kansas City, MO, Melodie M. Mabanta, Robinson Woolson, P.A., Baltimore, MD, for Defendants.

## MEMORANDUM OPINION

KESSLER, District Judge.

Before the Court is BATCo's Motion for Reconsideration of Order No. 454 and the Court's Underlying "Control" Determination ("Motion"). Upon consideration of the Motion, the United States' Opposition, and BATCo's Reply, the Court concludes that the Motion should be **granted in part** and **denied in part**. For the reasons explained below the Court will lift the contempt finding as of January 15, 2004, but will not revisit its previous determination that BATCo controls the documents at issue.

## I. BACKGROUND

On April 14, 2003, the Court issued Order # 343, adopting the Special Master's Report and Recommendation ("R & R") # 102, which required BATCo to produce within thirty days certain documents that were in the possession of its affiliate British American Tobacco Australia Services, Ltd. ("BATAS"). BATCo subsequently requested additional time to comply with order # 343 on the ground that BATAS had not yet determined how it would respond to BATCo's request for the documents and, in any event, would need additional time due to the scope of the production involved. Order # 354 at 1.

On May 16, 2003, the Court issued Order # 354, which required BATCo to file a Status Report by June 1, 2003, "indicating what position BATAS intends to take with respect to Order # 343." In a footnote, the Court also stated that "[i]f BATCo thereafter needs a reasonable amount of additional time to fully comply with Order # 343, the Court will entertain a motion at that time." *Id.* at 2 n. 1. BATCo then filed a Status Report as ordered and two motions which were considered in R & R # 120.

The first motion, BATCo's Motion for a Protective Order Regarding Production of Non–Privileged BATAS Documents Under Order No. 343 ("Non–Privileged Documents Motion"), sought to have the use and dissemination of non-privileged BATAS documents limited to the litigation of this case. The Special Master recommended denial of the Non–Privileged Documents Motion. However, in Order # 394, the Court overruled R & R # 120 in that respect and granted BATCo's Motion for the reasons explained in its August 20, 2003 Memorandum Opinion.

The second motion that was the subject of R & R # 120 was the Compliance Motion. In the Compliance Motion BATCo sought to be released from compliance with Order # 343 insofar as that Order required BATCo to produce or log privileged documents; BATCo also sought an order prohibiting the Government from seeking sanctions or additional compliance with Order # 343 absent a finding of "good cause." The Special Master recommended that the Court take jurisdiction of the Compliance Motion and R & R # 120 was adopted in that respect. Order # 394 at 2.

The Government filed a Cross Motion for a Finding of Contempt Against BATCo and for Imposition of Continuing Monetary Sanctions. On October 3, 2003, the Court issued Order # 411 denying the Compliance Motion, granting the United States' Cross Motion, and holding BATCo in conditional civil contempt. Order # 411 provided that, in order to purge itself of the contempt finding, BATCo was to fully comply with Order # 343 by October 17, 2003. When BATCo failed to comply by October 20, 2003, the Court issued Order # 419, requiring that BATCo deposit

into the Registry of the Court $25,000 per day until such time as BATCo came into compliance.

On November 7, 2003 BATAS filed its Motion for Leave to Intervene. BATAS sought to intervene for the purpose of asserting and, if necessary, litigating privileges it holds in the documents that are in its possession and that are the subject of Order # 343. On December 5, 2003, in Order # 449, the Court granted BATAS' Motion.

BATAS subsequently filed a privilege log. Although BATAS initially filed this log on December 15, 2003, the Government maintains that the log "failed in significant ways to meet the requirements of the Court's orders" and that BATAS did not produce a compliant log until January 15, 2004. Opp'n at 7 n. 6, 9.

BATCo filed a Motion to Vacate Order # 419. On December 16, 2004, in Order # 454, the Motion to Vacate was denied. However, the Court did temporarily stay the imposition of the penalty provided in Order # 419 as of December 15, 2003.

BATCo now seeks reconsideration of Order # 454 as to two issues: (1) the Court's denial of its request that the contempt findings and sanctions be vacated and (2) the Court's prior determination that BATCo "controls" the relevant documents in BATAS' possession.

## II. ANALYSIS

### A. BATCo Has Not Satisfied the Legal Standard for Reconsideration in Question of Its "Control" of the Documents

■■■ A motion for reconsideration "should be granted only if the Court 'finds that there is an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Pearson v. Thompson*, 141 F.Supp.2d 105, 107 (D.D.C.2001)(quoting *Firestone v. Firestone*, 76 F.3d 1205, 1208 (D.C.Cir.1996)). Here, BATCo argues that "[r]econsideration is required to avoid manifest injustice and clear

error." Mem. In Supp. at 1. BATCo does not assert any intervening change of controlling law.

This Court has previously observed that "the issue of BATCo's control over BATAS documents has already been fully and fairly litigated in this case." Oct. 3 Mem. Op. at 6. The Court has already explicitly rejected as untimely BATCo's attempt to present new arguments and evidence on the "control" issue.

> The evidence relates directly to BATCo's arguments about its alleged lack of control of BATAS documents and therefore, should have been submitted months ago when that issue was first being litigated. The Court will not now consider this untimely argument and evidence.

*Id.* at 8 (citing *United States v. Chase Manhattan Bank*, 590 F.Supp. 1160, 1162–63 (S.D.N.Y.1984)).

BATCo once again seeks to present arguments on the identical issue, arguments that have either already been rejected or that are untimely. As the Government notes, this is the *seventh* motion BATCo has filed related to Order # 343.[1] Reconsideration is unwarranted as a matter of law.

### B. The Contempt Finding Will Be Vacated as of January 15, 2004

■■■ BATCo also argues that it should be credited with compliance with Order # 343 because, among other reasons, BATAS has produced the log required by that Order. As noted above, the Government now acknowledges that BATAS has submitted a compliant log. Reconsideration of the contempt finding is justified by this relevant new evidence. The Court agrees that the contempt finding against BATCo should be lifted, inasmuch as the requirement of Orders # 419 and # 343, the production or logging of the documents, has been satisfied. Therefore, the contempt finding of Order # 419 will be lifted as of January 15, 2004, the date by which it is undisputed that BATAS had provided a compliant log to the Government.

---

1. See Mem. In Opp'n at 1. n. 2 (listing motions).

For the foregoing reasons, BATCo's Motion is **granted in part** and **denied in part**.

An Order will accompany this Opinion.

### ORDER # 516

Before the Court is BATCo's Motion for Reconsideration of Order No. 454 and the Court's Underlying "Control" Determination ("Motion"). Upon consideration of the Motion, the United States' Opposition, and BATCo's Reply, and for the reasons explained in the accompanying Memorandum Opinion, the Court concludes that the Motion should be **granted in part** and **denied in part**. Wherefore, it is hereby:

**ORDERED** that BATCo's Motion for Reconsideration of its "control" over the documents subject to Order # 343 is **denied**; and it is further