MEMORANDUM **
Richard Andrew Tarantino, Jr., appeals pro se from the order dismissing his petition to quash a third-party summons for lack of subject matter jurisdiction. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, Ip v. United States, 205 F.3d 1168, 1170 (9th Cir.2000), and we affirm.
The district court properly dismissed Tarantino’s petition. The Internal Revenue Service (“IRS”) was not required to provide Tarantino notice under 26 U.S.C. § 7609(a) because it issued the summons in the aid of the collection of Tarantino’s tax liability. See 26 U.S.C. § 7609(c)(2)(D)(i). “[I]f a person is not entitled to notice under § 7609(a), he or she has no standing to initiate an action to quash the summons.” Ip, 205 F.3d at 1170 n. 3. Accordingly, Tarantino lacked standing to quash the summons.
The district court properly granted summary affirmance to the IRS to enforce the summons because Tarantino failed to show an abuse of process or lack of good faith by the IRS in issuing the summons. See Stewart v. United States, 511 F.3d 1251, 1254-55 (9th Cir.2008) (outlining evidentia-ry burden for IRS and party opposing enforcement).
Tarantino’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.