**Samuel D. BATES; Joyce M. Bates, Plaintiffs—Appellants,**

v.

**UNITED STATES, Defendant— Appellee.**

**No. 07–17097.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 2009.*

Filed April 28, 2009.

Samuel D. Bates, Sacramento, CA, pro se.

Joyce M. Bates, Sacramento, CA, pro se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Janet A. Bradley, Esquire, John A. Dudeck, Jr., Esquire, U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Defendant–Appellee.

Before: GRABER, GOULD, and BEA, Circuit Judges.

MEMORANDUM **

Samuel D. Bates and Joyce M. Bates appeal pro se from the district court's judgment dismissing for lack of standing their petition to quash third-party summonses. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Fortney v. United States,* 59 F.3d 117, 119 (9th Cir.1995), and may affirm the district court's judgment on any ground supported by the record, *Forest Guardians v. U.S. Forest Serv.,* 329 F.3d 1089, 1097 (9th Cir. 2003). We affirm.

The district court properly concluded that the Bates lacked standing to challenge three of the summonses because the Bateses were not identified in those summonses and cannot raise challenges on behalf of the named business entities. *See Stewart v. United States,* 511 F.3d 1251, 1253 (9th Cir.2008) (concluding that only persons identified in a summons have standing to petition to quash the summons); *Licht v. Am. W. Airlines (In re Am. W. Airlines),* 40 F.3d 1058, 1059 (9th Cir.1994) (per curiam) (explaining that business entities must appear in court through an attorney).

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Denial of the motion to quash the remaining summons issued to Safe America Federal Credit Union referencing Samuel and Joyce Bates was proper because the Bateses failed to rebut the Internal Revenue Service's ("IRS") showing that the summons was issued in good faith. *See Stewart*, 511 F.3d at 1254–55 (explaining taxpayer's "heavy" burden to show an abuse of process or lack of good faith once IRS makes prima facie showing that the summons was issued in good faith).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.