MEMORANDUM *
In this consolidated appeal, Morgan Liddell and Delia Valentin (collectively “Taxpayers”) appeal a district court order enforcing against them several Internal Revenue Service (“IRS”) summonses. We affirm. Because the parties are familiar with the factual and procedural history of this case, we need not recount it here.
I
We review for clear error a district court’s decision to enforce an IRS summons. United States v. Blackman, 72 F.3d 1418, 1422 (9th Cir.1995). To enforce an IRS summons, the Service must first make a prima facie showing that the summons was issued in good faith. United States v. Powell, 379 U.S. 48, 57-58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). This initial burden is “slight,” and may generally be satisfied by a sworn declaration by an IRS agent. Stewart v. United States, 511 F.3d 1251, 1254 (9th Cir.2008) (quoting Fortney v. United States, 59 F.3d 117, 120 (9th Cir.1995)). Once this low standard is met, the taxpayer faces the heavy burden of establishing that the summons was not issued in good faith, which he may only do through allegations supported by specific facts and evidence. United States v. Jose, 131 F.3d 1325, 1328 (9th Cir.1997) (en banc).
The district court correctly found that the government met its prima facie burden by providing a sworn declaration from an IRS revenue agent. The district court also correctly determined that Taxpayers failed to rebut this prima facie case with specific evidence of bad faith or improper purpose; conclusory allegations of a sub rosa criminal investigation are not enough. Finally, there was no clear error in the district court’s determination that Taxpayers had the ability to comply with the IRS summonses in both their individual and agency capacities.
II
The district court did not abuse its discretion in issuing the May 2, 2008 contempt order. The record supports the district court’s conclusion that Liddell had not “performed ‘all reasonable steps within [his] power to insure compliance’ ” with the IRS summonses. Stone v. San Francisco, 968 F.2d 850, 856 (9th Cir.1992) (quoting Sekaquaptewa v. MacDonald, 544 F.2d 396, 404 (9th Cir.1976)). We decline to address any claims presented in the appeal of the district court’s contempt order that challenge the propriety of the underlying summonses. United States v. Rylander, 460 U.S. 752, 756, 103 S.Ct. 1548, 75 L.Ed.2d 521 (1983). We need not reach any other issue in the case, and we decline to reach any argument not presented in briefing. See Martinez-Serrano v. INS, 94 F.3d 1256, 1259-60 (9th Cir.1996) (issues not specifically raised and argued in a party’s opening brief are waived). All pending motions are denied as moot.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th'Cir. R. 36-3.