**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 12-35351 |
| Plaintiff - Appellee, | D.C. No. 6:11-cv-06237-AA |
| v. | |
| ROBERT A. LUND, | MEMORANDUM[*] |
| Respondent - Appellant. | |

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, Chief Judge, Presiding

Submitted December 17, 2013[**]

Before:    GOODWIN, WALLACE, and GRABER, Circuit Judges.

Robert A. Lund appeals pro se from the district court's order enforcing a

summons against him issued by the Internal Revenue Service ("IRS") in

connection with an investigation into Lund's federal income tax liabilities. We

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291. We review for clear error, *United States v. Blackman*, 72 F.3d 1418, 1422 (9th Cir. 1995), and we affirm.

The district court did not clearly err by granting the petition to enforce the summons because Lund failed to rebut the government's showing that the summons was issued in good faith. *See Stewart v. United States*, 511 F.3d 1251, 1254-55 (9th Cir. 2008) (explaining taxpayer's "heavy" burden to show an abuse of process or lack of good faith once government makes prima facie showing that the summons was issued in good faith); *Crystal v. United States*, 172 F.3d 1141, 1144 (9th Cir. 1999) ("The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent[.]" (citation and internal quotation marks omitted)). The district court properly rejected Lund's contention that the revenue agent lacked authority to issue the summons. *See United States v. Derr*, 968 F.2d 943, 947 (9th Cir. 1992) (rejecting argument that the IRS revenue agents do not have delegated authority to issue summonses under 26 U.S.C. § 7602). Lund's reliance on 26 U.S.C. § 7608 is misplaced, as the summons concerns a civil, not criminal, investigation. *See* 26 U.S.C. § 7608(b).

The district court properly rejected Lund's claim of Fifth Amendment privilege because the summons was issued in connection with a civil investigation and Lund did not establish that there was a real and substantial danger of self-

incrimination. *See United States v. Bright*, 596 F.3d 683, 690-91 (9th Cir. 2010) ("A claim of Fifth Amendment privilege may be asserted if there are substantial hazards of self-incrimination that are real and appreciable, not merely imaginary and unsubstantial, that information sought in an IRS summons might be used to establish criminal liability." (citation and internal quotation marks omitted)). Lund's contentions that his due process, Fourth Amendment, and Sixth Amendment rights were violated are also unpersuasive.

**AFFIRMED.**