928 F.2d 901
 91-1 USTC P 60,065
 ESTATE OF Laura V. BELL, Deceased, Laurel V. Bell-Cahill,
Executrix, Estate of Charles C. Bell, Deceased,
Laurel V. Bell, Executrix, Petitioners-Appellants,
v.
COMMISSIONER, INTERNAL REVENUE SERVICE, Respondent-Appellee.
 No. 89-70386.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Dec. 13, 1990.
Decided March 25, 1991.
 
 John Gigounas, Simpson & Gigounas, San Francisco, Cal., for petitioners-appellants.
 Robert W. Metzler, Tax Div., U.S. Dept. of Justice, Washington, D.C., for respondent-appellee.
 On Appeal From a Decision of the United States Tax Court.
 Before HUG, BEEZER and BRUNETTI, Circuit Judges.
 BEEZER, Circuit Judge:
 
 
 1
 The Tax Court held that the crediting of overpayments made by a taxpayer who has elected to pay estate taxes in installments pursuant to 26 U.S.C. Sec. 6166 is governed by 26 U.S.C. Sec. 6403. The Executrix appeals on the ground that the tax deferring benefits of section 6166 can be lost only under certain provisions within that section and thus section 6166 bars application of section 6403. We affirm.
 
 
 2
 * Laura V. Larsen Bell and Charles C. Bell died in February and April 1982. Laurel V. Bell-Cahill (Executrix) was appointed executrix for both estates. Federal tax returns were timely filed for both estates. Both estates elected to defer payment of a portion of their estate taxes pursuant to 26 U.S.C. Sec. 6166. Section 6166 allows the executrix of an estate to pay all or part of the estate tax in up to ten equal installments if over 35 percent of the adjusted gross value of the estate is comprised of an interest in a closely held business. 26 U.S.C. Sec. 6166(a)(1) (1988).
 
 
 3
 Over 35 percent of the value of both of the Bell estates included stock in a closely-held California corporation, Charles C. Bell, Inc. (Bell, Inc.). The decedents were the principal shareholders of Bell, Inc. The Commissioner of Internal Revenue (CIR) accepted the elections to defer payments under section 6166.
 
 
 4
 The Executrix originally reported the estate tax liabilities as $1,085,519 for Laura Bell's estate and $1,111,672 for Charles Bell's estate. The Executrix chose to defer only part of the deferrable liabilities and made initial payments of $733,000 for Laura Bell's estate and $751,600 for Charles Bell's estate. These two payments were made at the end of 1982 and the beginning of 1983.
 
 
 5
 In August 1985, the Executrix filed claims for refund with the Internal Revenue Service (IRS) for both estates on the ground that the Bell, Inc. stock had been overvalued in the original computation of the estates' adjusted gross value. The IRS denied the refund claims and issued a notice of deficiency on the ground that the Bell, Inc. stock had been undervalued.
 
 
 6
 The estates filed a petition with the United States Tax Court (Tax Court), and the parties subsequently reached an agreement under which the Bell, Inc. stock valuation was lower than that originally reported on the return of each estate. The parties all agreed that the estates had paid estate taxes in amounts exceeding the total amount of tax each estate ultimately owed, and thus the estates were due a refund. The only issue remaining was the amount of the refund. This issue was submitted to the Tax Court.
 
 
 7
 The Commissioner's position was that the overpayment should be credited, pursuant to section 6403,[1] against any unpaid installments. The Executrix asserted that the overpayment should be refunded in an amount equal to the difference between what was actually owed in the first payment and what was paid.[2] The Executrix asserted that the estates had the privilege to continue deferring their estate taxes as though the proper tax liability had been determined at the outset. The Tax Court adopted the Commissioner's position, and the Executrix timely appealed for both estates.
 
 II
 
 8
 We have jurisdiction pursuant to 26 U.S.C. Sec. 7482. Statutory interpretation is a question of law that is reviewed de novo. See Batchelor v. Oak Hill Medical Group, 870 F.2d 1446, 1447 (9th Cir.1989).
 
 
 9
 The purpose of section 6166 is to prevent the forced liquidation of closely held businesses because substantial estate taxes must be paid. See H.R.Rep. No. 94-1380, 94th Cong., 2d Sess. at 30 (1976); S.Rep. No. 94-938, Pt. 2, 94th Cong.2d Sess. at 18-19 (1976), U.S.Code Cong. & Admin.News 1976, pp. 2897, 3384, 4044, 4045. To further this purpose, Congress allows certain estates involving closely held businesses to elect to defer payment of the estate tax up to five years and to make the payments in ten annual installments. See 26 U.S.C. Sec. 6166(a) (1988). Congress further provides that the interest on the deferred payments is accrued at the reduced rate of four percent per annum. 26 U.S.C. Secs. 6166(k)(4), 6601(j) (1988).
 
 
 10
 The Executrix contends that the special deferral benefits granted to estates qualifying under section 6166 may only be rescinded by the provisions for Acceleration of Payment in section 6166(g). Section 6166(g) provides, in general, that the deferred payments will be accelerated if more than half of the estate's interest in the closely held business is removed from the estate or if the estate fails to make any timely payment of principal or interest. See 26 U.S.C. Sec. 6166(g) (1988). According to the Executrix, the Commissioner's policy of crediting the overpayments to a payment of taxes due, amounts to an acceleration of the deferred payments without the triggering factors required by section 6166(g).
 
 
 11
 The Tax Court correctly determined that section 6166(g) is not the exclusive means by which the deferral benefits of section 6166 can be curtailed. The deferral benefits of section 6166 are a "matter of legislative grace" that is similar to the benefits conferred by other statutory provisions dealing with deductions, exemptions and exclusions from tax. Thus, a strict and narrow construction should be applied to the deferral benefit provisions of section 6166. See Commissioner v. Jacobson, 336 U.S. 28, 49, 69 S.Ct. 358, 369, 93 L.Ed. 477 (1949) (exemptions "are specifically stated and should be construed with restraint" in light of the purpose of taxing income comprehensively); Helvering v. Northwest Steel Rolling Mills, Inc., 311 U.S. 46, 49, 61 S.Ct. 109, 111, 85 L.Ed. 29 (1940) ("It has been said many times that provisions granting special tax exemptions are to be strictly construed.").
 
 
 12
 Section 6403 is clear and unambiguous; it applies to "a tax payable in installments." 26 U.S.C. Sec. 6403 (1988); see H.R.Rep. No. 1337, 83rd Cong., 2d Sess. at Sec. 6403 (1954), U.S.Code Cong. & Admin.News 1954, pp. 4025, 4559. (section 6403 extends to any tax payable in installments under the provisions of existing law governing income taxes). Section 6166 deferred payments are clearly taxes payable in installments. As the United States Supreme Court has stated: "Courts are not authorized to rewrite a statute because they might deem its effect susceptible of improvement." Badaracco v. Commissioner, 464 U.S. 386, 398, 104 S.Ct. 756, 764, 78 L.Ed.2d 549 (1984).
 
 
 13
 Moreover, section 6166(g) does not contain any specific language negating section 6403 in the case of overpayments. Section 6166(g) simply sets forth the limitations under which the IRS can require the acceleration of deferred payments; these limitations do not automatically control situations in which there is an overpayment on an installment.
 
 
 14
 Partial repeals by implication are disfavored and "will not be found unless an intent to repeal is 'clear and manifest.' " Rodriguez v. United States, 480 U.S. 522, 524, 107 S.Ct. 1391, 1392, 94 L.Ed.2d 533 (1987) (citing United States v. Borden Co., 308 U.S. 188, 198, 60 S.Ct. 182, 188, 84 L.Ed. 181 (1939)) (quoting Red Rock v. Henry, 106 U.S. 596, 602, 27 L.Ed. 251 (1883)). The application of section 6403 in this situation is not clearly at odds with the purpose of section 6166. This lack of an "irreconcilable conflict" between section 6166(g) and section 6403 indicates that Congress did not intend to negate the clear mandate of section 6403 when an overpayment is made on a section 6166 installment. Cf. Kremer v. Chemical Construction Corp., 456 U.S. 461, 468, 102 S.Ct. 1883, 1890, 72 L.Ed.2d 262 (1982).
 
 
 15
 The Executrix also contends that section 6166(e) demonstrates that Congress did not intend overpayments of a section 6166 installment to be governed by section 6403. Section 6166(e) provides that when taxpayers undervalue their gross estate they may still receive the deferral benefit of section 6166 by prorating the deficiency and adding it to their installments. See 26 U.S.C. Sec. 6166(e) (1988). According to the Executrix, if Congress wanted to preserve the deferral benefits when there is a deficiency in estate taxes it would also want to preserve those benefits when there is an overpayment.
 
 
 16
 The Tax Court correctly determined that section 6166(e) does not demonstrate that Congress intended overpayments of a section 6166 installment to be excluded from coverage by section 6403. Congress is presumed to act intentionally and purposely when it includes language in one section but omits it in another. See Rodriguez, 480 U.S. at 525, 107 S.Ct. at 1393. The lack of a provision specifically excluding section 6166 overpayments from coverage by section 6403 indicates that Congress intended section 6403 to control.
 
 
 17
 In the case of a deficiency, section 6166(e) furthers the purpose of section 6166 by allowing estates added time to absorb the shock of a deficiency and thereby protecting the viability of closely held businesses. On the other hand, in the case of an overpayment, there is no apparent threat to the viability of any part of the estate, and thus the purpose of section 6166 would not require any special provision for the handling of overpayments.
 
 III
 
 18
 The language of section 6403 is clear and unambiguous, and applying section 6403 to the overpayment in this case is not clearly at odds with the purpose of section 6166.
 
 
 19
 AFFIRMED.
 
 
 
 [1]
 Section 6403 provides:
 In the case of a tax payable in installments, if the taxpayer has paid as an installment of the tax more than the amount determined to be the correct amount of such installment, the overpayment shall be credited against the unpaid installments, if any. If the amount already paid, whether or not on the basis of installments, exceeds the amount determined to be the correct amount of the tax, the overpayment shall be credited or refunded as provided in section 6402.
 26 U.S.C. Sec. 6403 (1988).
 
 
 [2]
 The amount that was actually owed would be arrived at through the petitioner devising corrected section 6166 installment schedules based on the agreed upon value of the estates and the agreed upon taxes due