John H. FORTNEY, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 94–15250.

United States Court of Appeals, Ninth Circuit.

Submitted June 16, 1995.*

Decided June 29, 1995.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34–4.

John H. Fortney, Carson City, NV, in pro per for the plaintiff-appellant.

Janet A. Bradley, Charles E. Brookhart and Gary Allen, Tax Div. U.S. Dept. of Justice, Washington, DC, for defendant-appellee.

Before SCHROEDER, BEEZER and THOMPSON, Circuit Judges.

BEEZER, Circuit Judge:

We decide whether the Internal Revenue Service, after serving a summons on a third-party recordkeeper, must serve an attested copy of the summons on the taxpayer.

John H. Fortney appeals pro se the district court's dismissal of his motion to quash Internal Revenue Service ("IRS") summonses issued to third-party recordkeepers pursuant to 26 U.S.C. § 7602. We have jurisdiction under 28 U.S.C. § 1291. Because we conclude that 26 U.S.C. § 7609(a) does not require an attested copy of the summons be served on the taxpayer, we affirm.

I

As part of an investigation into John Fortney's tax liability for the taxable years 1988–1992, IRS Special Agent John Heeran issued summonses on June 8 and 15, 1993 to the First Interstate Bank in Carson City, Nevada, and the First Interstate Bank in Stateline, Nevada. The summonses requested information "on all accounts in which the subject [Fortney] has an interest for the periods so designated." Additionally, the summons issued to the Stateline Bank identified one known account of Fortney's. An attested copy of the appropriate summons was served on each bank. Heeran gave notice of service of the summonses (including copies of the summonses) to Fortney by certified mail. The copies were not attested.

Fortney filed a timely petition to quash the summonses on both Nevada banks. Fortney's petition also sought to quash a third summons served on Southern California Bank in Rowland Heights, California. The United States filed a response to Fortney's

petition and a petition to enforce the Nevada summonses. The United States requested that the district court dismiss for lack of subject matter jurisdiction the action regarding service of a summons on a California bank.

Pursuant to the district court's standing order, the matter was referred to a United States Magistrate Judge. On October 5, 1993, a hearing was held before the Magistrate Judge on the petitions of Fortney and the United States. Fortney raised a number of objections to the adequacy and propriety of the summonses. The United States submitted a Declaration from Agent Heeran explaining both the purpose behind issuance of the summonses and the details surrounding service of the summonses.

The Magistrate Judge made a report and recommendation to the district court.[1] She recommended dismissing Fortney's petition to quash the California summons, denying Fortney's petition to quash the Nevada summonses, and granting the United States' petition for enforcement of the Nevada summonses.

The district court agreed, and adopted the Magistrate Judge's report and recommendation. Fortney appeals.

## II

■ We will reverse a decision to enforce an IRS summons only when it is clearly erroneous. *Ponsford v. United States*, 771 F.2d 1305, 1307–08 (9th Cir.1985). The denial of a petition to quash an IRS summons is also reviewed under the clearly erroneous standard. *Tornay v. United States*, 840 F.2d 1424, 1426 (9th Cir.1988). To the extent the district court interpreted statutory law, we review issues of law *de novo*. *United States v. Yacoubian*, 24 F.3d 1, 3 (9th Cir.1994).

## III

■ Fortney initially raises several jurisdictional matters. He argues that the district court erred in determining that it lacked subject matter jurisdiction over the Califor-

nia Bank summons. We disagree. Jurisdiction over a petition to quash a summons lies in the "United States district court for the district within which the person to be summoned resides or is found." 26 U.S.C. § 7609(h)(1). Because the California Bank neither resides nor is found within the jurisdiction of the Nevada District Court, the district court correctly dismissed Fortney's petition in part.

■ Fortney also contends that the Magistrate Judge lacked jurisdiction to enforce the summonses or quash his petition. The district court conducted a *de novo* review of the record, however, and adopted the Magistrate Judge's report and recommendation. Thus, Fortney's objection to the Magistrate Judge's power to enforce the summonses is no longer an issue; she did not enforce any summonses.

Fortney finally alleges that the United States failed to establish jurisdictional facts under 26 U.S.C. § 7401. This argument lacks merit. The Heeran Declaration is sufficient to establish all relevant jurisdictional facts. Fortney's naked denial of those facts does not divest the district court of jurisdiction.

## IV

Fortney next argues that the district court erred in enforcing the summonses and denying his petition to quash the summonses. While he raises a variety of arguments, Fortney primarily contends that the IRS failed to serve him with an attested copy of the summonses.

■ To obtain enforcement of a summons, the IRS must first establish its "good faith" by showing that the summons: (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS' possession; and (4) satisfies all administrative steps required by the United States Code. *United States v. Powell*, 379 U.S. 48, 57–58, 85 S.Ct. 248, 254–55, 13

---

1. Initially, the Magistrate Judge believed that she had the power to enforce the summons. After the government persuaded her otherwise, she completed a report and recommendation for the district court's consideration.

L.Ed.2d 112 (1964). The government's burden is "a slight one" and typically is satisfied by the introduction of the sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met. *United States v. Dynavac, Inc.,* 6 F.3d 1407, 1414 (9th Cir.1993); *United States v. Gilleran,* 992 F.2d 232, 233 (9th Cir.1993). Once a prima facie case is made a "heavy" burden is placed on the taxpayer to show an "abuse of process" or "the lack of institutional good faith." *Dynavac,* 6 F.3d at 1414.

Issuance of third-party summonses is governed by 26 U.S.C. § 7609. That statute provides that when a summons is served on a "third-party recordkeeper" and that summons identifies a person about whom information is requested, "notice of the summons shall be given to any person so identified." *Id.* § 7609(a)(1). The statute indicates that "[s]uch notice *shall be accompanied by a copy of the summons which has been served* and shall contain an explanation of the right under subsection (b)(2) to bring a proceeding to quash the summons." *Id.* (emphasis added).

Fortney was served notice along with copies of the summonses. He contends, however, that the statute also required that the copies of the summonses be attested. He relies on § 7609(a)(2), which provides that notice is sufficient if:

> [S]uch notice is served in the manner provided in section 7603 (relating to service of summons) upon the person entitled to notice, or is mailed by certified or registered mail to the last known address of such person, or, in the absence of a last known address, is left with the person summoned.

26 U.S.C. § 7603 in turn provides that a "summons ... shall be served by the Secretary, by an attested copy delivered in hand to the person to whom it is directed, or left at his last and usual place of abode." Fortney argues that because § 7603 indicates the summons must be an attested copy, that requirement is incorporated into § 7609(a)(2)'s rules for serving notice on a taxpayer of a third-party summons. Because

no attested copies were served on him, Fortney contends that the IRS failed to establish the *Powell* requirement mandating compliance with all administrative steps; thus, he argues, the summonses are invalid.

The Tenth Circuit rejected an identical argument in *Codner v. United States,* 17 F.3d 1331, 1333–34 (10th Cir.1994). It held that neither § 7603 nor § 7609 required "that the copy of the summons served on the taxpayer be attested." *Id.* at 1333. Section 7603's attestation requirement applies only to the person to whom the summons is directed, and § 7609 does not mention service of an attested copy on the taxpayer. *Id.* The Tenth Circuit refused to incorporate § 7603's attestation requirement into § 7609. That court found the inclusion in § 7609(a)(2) of three different methods of service of notice to be important. Two of the methods made no mention of attested copies, and the Tenth Circuit deemed it absurd that Congress would incorporate § 7603's attestation requirement for one method of service, while excluding it from the other two.

The Eighth Circuit reached a different conclusion in *Mimick v. United States,* 952 F.2d 230, 231–32 (8th Cir.1991). Citing only § 7603, that court held that an attested copy of a summons must be served on both the third-party recordkeeper and the taxpayer. Its analysis, however, is sparse, and it did not even mention the special statute, § 7609, governing third-party summonses.

■ We agree with the Tenth Circuit's approach. The language of § 7609 is critical. In section (a)(1), the statute explicitly states that notice to the taxpayer "shall be accompanied by a copy of the summons." In § 7603, Congress mandated that "an attested copy" shall be delivered to a person summoned. "Congress is presumed to act intentionally and purposely when it includes language in one section but omits it in another." *Estate of Bell v. Commissioner,* 928 F.2d 901, 904 (9th Cir.1991). Here, the absence of an attestation requirement in § 7609 is dispositive.[2]

---

**2.** Fortney contends that Agent Heeran ignored provisions in an IRS agents' handbook that purportedly indicate that an attested copy should be

served on the taxpayer after issuance and service of a summons on a third-party recordkeeper. Fortney does not, however, identify what specific

An interpretation of § 7609(a)(2) also supports this result. That section refers to "*notice* [being] served in the manner provided in § 7603." It does not incorporate the requirement for what form the document must take. Rather, it refers to § 7603's method of service, i.e. personal service. This interpretation is consistent with the remainder of the statute because the other methods permitted by § 7609(a)(2) to serve notice on the taxpayer are by registered mail or leaving notice with the person summoned.

Because § 7609 does not require service of an attested copy of a summons on the taxpayer, only a copy of the summons, the service on Fortney was valid.[3]

### V

Fortney raises one final argument that merits discussion. He contends that he was improperly denied an evidentiary hearing at which he could examine witnesses and inquire into the IRS' good faith. A taxpayer is not entitled to an evidentiary hearing unless he or she presents some "minimal amount of evidence" to support a contention of a lack of good faith. *United States v. Stuckey,* 646 F.2d 1369, 1372 (9th Cir.1981), *cert. denied,* 455 U.S. 942, 102 S.Ct. 1436, 71 L.Ed.2d 653 (1982). The Tenth Circuit has observed that to be entitled to a hearing, the taxpayer must "factually oppose the Government's allegations by affidavit." *United States v. Balanced Financial Management, Inc.,* 769 F.2d 1440, 1444 (10th Cir.1985). The showing must be more than "[l]egal conclusions[,] mere memoranda of law . . . or allegations." *Id.* We defer to the district court's discretion to decide if an evidentiary hearing on the question of enforcement of a summons is necessary. *Tiffany Fine Arts, Inc. v. United States,* 469 U.S. 310, 324 n. 7, 105 S.Ct. 725, 732, 83 L.Ed.2d 678 (1985).

Here, Fortney failed to show any evidence supporting his claim that the summonses were issued for an improper purpose, or that the IRS did not act in good faith. The government established its compliance with the *Powell* standards, including taking the proper administrative steps. The district court did not abuse its discretion in denying an evidentiary hearing.

AFFIRMED.

---

provision Heeran ignored. Furthermore, an agent's conduct is governed by the statute, not a manual.

**3.** Fortney also argues that the summonses were overbroad, that Agent Heeran lacked authority to issue the summonses, and that he rebutted any good faith showing made by the United States. None of these arguments have merit, and we reject each of them.