Lloyd E. DARLAND, Lois B. Darland, Mark E. Darland, Kim A. Darland, Charlye A. Darland, Security Pacific Activities, Inc.

v.

UNITED STATES.

Civil No. S 95–2915.

United States District Court, D. Maryland.

Jan. 5, 1996.

Lois B. Darland, pro se.

Mark E. Darland, pro se.

Lloyd E. Darland, Security Pacific Activities, Inc., pro se.

Bryan T. Dugan, Dugan & McKissick, Lexington Park, MD, for plaintiffs Kim A. Darland & Charlye A. Darland.

David M. Katinsky, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for U.S.

## MEMORANDUM OPINION

SMALKIN, District Judge.

■ This is a proceeding instituted by a number of taxpayers, seeking to quash so-called "third party" IRS summonses that had been issued to certain record keepers pursuant to 26 U.S.C. §§ 7602, 7603, and 7609. The summonses were served on a

number of third party record keepers in September and October of 1995, for the purpose of obtaining records that could show the unpaid federal income tax liability of Lloyd Darland for the years 1989–1994. After the filing of the original petition to quash, two supplements pertaining to additional third party record keepers were filed. The Government has responded to the petition to quash, with its supplements, and has requested summary enforcement of the summonses. Two of the original petitioners, Kim and Charlye Darland (obviously related to Lloyd, Lois, and Mark Darland) have, by letter from their counsel submitted January 3, 1996, withdrawn their opposition to the summonses. One of the petitioners, Security Pacific Activities, Inc., has not appeared in this action by counsel duly admitted to the Bar of this Court. Security Pacific purports to be represented by Mr. Darland, who is not known by this Court to be a member of the Bar of this Court, and who does not so present himself. Pursuant to Local Rule 101.1.a, Security Pacific Activities, Inc. cannot proceed in this case without duly admitted counsel. Therefore, the Order adjudicating this matter will dismiss the petition and its supplements with regard to Kim and Charlye Darland, as well as Security Pacific Activities, Inc.

With regard to the remaining petitioners, who do have standing to proceed, the Court is of the opinion that they have not shown adequate grounds to quash the summonses.

■ First, the Court is of the opinion that there is no need for the "taxpayer copy" of the summons to be attested. In this regard, the recently-decided cases of *Fortney v. United States*, 59 F.3d 117 (9th Cir.1995), and *Codner v. United States*, 17 F.3d 1331 (10 Cir.1994), are clearly more persuasive than the authority *contra, e.g., Mimick v. United States*, 952 F.2d 230 (8th Cir.1991). Although the issue is fairly debatable, this Court is of the opinion that the Ninth and Tenth Circuits' positions are entirely well-taken, whereas the Eighth Circuit's position is simply not supportable.

■ With regard to the petitioners' claim that more time is needed to gather information with which to oppose summary enforcement of the summonses, although there is some question whether Fed.R.Civ.P. 56, setting forth the procedure for summary *judgment*, applies to proceedings for summary enforcement, the Court, of course, recognizes that it has discretion to grant a continuance in order for further evidentiary material to be obtained in support of a petition to quash or in opposition to summary enforcement. In this case, the petitioners, through Mr. Darland's declaration, and the argument in support of their position, purport to invoke Fed.R.Civ.P. 56(f), but they have not shown why affidavits from the third party record keepers (as to the alleged inadequacy of service of the summonses) could not have been timely obtained to oppose summary enforcement. Although Mr. Darland has submitted a declaration pertaining to his telephone conversations with third party record keepers, that declaration does not show why he could not have obtained proper affidavit proof from them conforming to the admissibility requirement of Fed.R.Civ.P. 56(e). Insofar as Mr. Darland's declaration simply makes vague references to telephone conversations with various of the record keepers, those purported declarations thereof are obviously not admissible in evidence under Fed.R.Evid. 801 *et seq.,* and consequently, his declaration is plainly insufficient under Fed.R.Civ.P. 56(e).

■ Furthermore, the Court is of the opinion that these vague references to telephone advice from unidentified employees of the record keepers does not constitute sufficient "minimal evidence" of lack of IRS good faith to entitle the taxpayer to a hearing, which is a matter within this Court's discretion. *Fortney,* 59 F.3d at 121.

Finally, the Court is of the opinion that the petitioners' claim that ¶ 12 of Special Agent Gomez's declaration shows evidence of lack of good faith should be flatly rejected. To construe that affidavit as stating that the Government improperly "examined" the records in question is preposterous.

For the reasons stated, an Order will be entered separately: dismissing the petition to quash as to petitioners Kim A. Darland, Charlye A. Darland, and Security Pacific Ac-

tivities, Inc.; denying the remaining petitioners' motion for continuance before considering the Government's motion for summary enforcement; denying and dismissing the remaining petitioners' petition and supplements thereto to quash summonses; and granting the Government's motion for summary enforcement as to all summonses pertinent to this case, with costs awarded to the Government.