91 F.3d 155
 78 A.F.T.R.2d 96-5673
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Daniel R. THOMAS, Petitioner-Appellant,
v.
Patricia WAKEFIELD, IRS Agent; Internal Revenue Service;
United States of America, Respondent-Appellees.
 No. 95-36237.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 9, 1996.*
Decided July 15, 1996.
 
 Before: HUG, Chief Judge, and SCHROEDER and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Daniel R. Thomas appeals pro se the district court's order denying his petition to quash a third-party recordkeeper summons issued to Key Bank of Oregon and enforcing the summons. We review for clear error, see Fortney v. United States, 59 F.3d 117, 119 (9th Cir.1995), and we affirm.
 
 
 3
 In order to establish a prima facie case for enforcement of a summons, the Internal Revenue Service need only make a "minimal" showing that the summons (1) was issued for a legitimate purpose, (2) seeks information relevant to that purpose, (3) seeks information that is not already in the possession of the IRS, and (4) satisfies all administrative steps required by the United States Code. Id. at 119-20. The declaration submitted by Internal Revenue Agent Patricia Wakefield satisfied the government's "minimal" burden of establishing a prima facie case. See United States v. Abrahams, 905 F.2d 1276, 1280 (9th Cir.1990).
 
 
 4
 The district court properly concluded that Thomas failed to raise any legitimate defense to the summons. The IRS has the authority to issue summonses. See United States v. Saunders, 951 F.2d 1065, 1067 (9th Cir.1991). Thomas's contention that the summons was issued for an improper purpose because he owes no taxes for 1992 through 1994, as evidenced by a letter from the Internal Revenue Service stating that he was not required to file a 1993 tax return, is meritless. The IRS was not required to establish his tax liability before issuing the summons. See United States v. Powell, 379 U.S. 48, 57 (1964).
 
 AFFIRMED.[1]
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thomas's motion for summary reversal is denied