108 F.3d 1385
 79 A.F.T.R.2d 97-1631
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Kim HAVMANN, Petitioner-Appellant,
v.
UNITED STATES of America; Shelly M. Foster, Internal
Revenue Agent, Respondents-Appellees.
Grethe HAVMANN; Jorn Havmann, Petitioners-Appellants,
v.
UNITED STATES of America; Shelly M. Foster, Internal
Revenue Agent, Respondents-Appellees.
 No. 95-55493, 95-55504.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 11, 1997.*
Decided March 17, 1997.
 
 Before: SNEED, LEAVY, and THOMAS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In these consolidated appeals, Kim, Jorn, and Grethe Havmann appeal pro se the district court's order denying their motion to quash Internal Revenue Service ("IRS") summonses issued to third-party recordkeepers pursuant to 26 U.S.C. § 7602. We have jurisdiction under 28 U.S.C. § 1291. We review for clear error, Tornay v. United States, 840 F.2d 1424, 1426 (9th Cir.1988), and we affirm.
 
 
 3
 In order to defeat a taxpayer's motion to quash, the IRS must establish a prima facie case for enforcement by showing that: (1) the summons was issued for a legitimate purpose; (2) the material being sought is relevant; (3) the information sought is not already in the IRS's possession; and (4) the IRS complied with all the administrative steps required by the Internal Revenue Code. See United State v. Powell, 379 U.S. 48, 57-58 (1964). The government's burden is slight, and is typically satisfied by the sworn declaration of the revenue agent who issued the summons that the Powell requirements have been met. See United States v. Dynavac, Inc., 6 F.3d 1407, 1414 (9th Cir.1993). Once a prima facie case is made, a heavy burden is placed on the taxpayer to show an abuse of process or the lack of institutional good faith. Id.
 
 
 4
 Here, the sworn declaration of Shelley Foster, the investigating revenue agent, demonstrating that Powell requirements had been satisfied was sufficient to meet the IRS's "minimal" burden to establish prima facie entitlement to enforcement of the summonses. See id.
 
 
 5
 The Havmanns offer no evidence that the IRS acted in bad faith or abused the summons process. Instead, the Havmanns contend that they are not subject to the federal income tax laws because they have not been found to reside in an internal revenue district. This contention is without merit.
 
 
 6
 IRC § 7601 authorizes the Internal Revenue Service to "proceed ... through each internal revenue district and inquire after and concerning all persons therein who may be liable to pay any internal revenue tax." Rather than impose upon the IRS a requirement to determine specifically who is in a revenue district for federal tax purposes, IRC § 7601 gives the IRS "a broad mandate to investigate and audit 'persons who may be liable' for taxes." See United States v. Bisceglia, 420 U.S. 141, 145 (1975). The Havmanns, as United States citizens, are 'persons who may be liable for taxes' within the meaning of the Code, and are subject to the federal tax laws. See 26 U.S.C. § 1(c), see also United States v. Nelson (In re Becraft), 885 F.2d 547, 548 (9th Cir.1989) ("the Supreme Court and the lower federal courts have both implicitly and explicitly recognized the Sixteenth Amendment's authorization of a non-apportioned direct income tax on United States citizens residing in the United States and thus the validity of the federal income tax laws as applied to such citizens"). Accordingly, the district court properly ordered enforcement of the summonses and denied the Havmanns' motion to quash. See Tornay, 840 F.2d at 1426.[1]
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In addition, we reject the Havmann's contention that they should have received an attested copy of the third-party summons because IRC § 7609 does not contain an attestation requirement. See Fortney v. United States, 59 F.3d 117, 120 (9th Cir.1995)
 The Havmanns' remaining contentions are wholly without merit.