**Bruce R. TRAVIS, Plaintiff**

v.

**Gregory MIKI, Commissioner of the Internal Revenue Service, Mark Everson, Defendants.**

**No. 04–00728 SOM/LEK.**

United States District Court, D. Hawai'i.

July 15, 2005.

Bruce R. Travis, Kihei, HI, Paul J. Sulla, Jr., Hanalei, HI, for Plaintiff.

Keith S. Blair, Washington, DC, Harry Yee, Office of the United States Attorney Honolulu, HI, for Defendants.

*ORDER GRANTING UNITED STATES' MOTION TO QUASH PETITION TO QUASH SUMMONSES; ORDER GRANTING UNITED STATES' PETITION TO ENFORCE SUMMONSES*

MOLLWAY, District Judge.

## I. *INTRODUCTION.*

Petitioner Bruce Travis has filed a Petition to Quash several IRS summonses. The United States moves to dismiss Travis' petition and counter-petitions to enforce the summonses. The court concludes that the summonses are enforceable. Accordingly, the court grants the United States' motion to dismiss Travis' petition, and grants the United States' petition to enforce the summonses.[1]

## II. *BACKGROUND.*

The IRS is currently investigating the income tax liabilities of Bruce Travis for the years 1996 through 2003. As part of this investigation, IRS Special Agent Gregory Miki served summonses on several individuals and businesses, directing the individuals and businesses to give testimony and produce documents.

Miki served the first summons on Harold Berman on November 22, 2004, requesting "Any and all documents in your custody or control relative to the financial transactions of Bruce Robert Travis." *See* Ex. A. The next day, Miki served a second summons on Kerry Cullins, again requesting "Any and all documents in your custody or control relative to the financial transactions of Bruce Robert Travis." *See* Ex. B. In his Declaration, Miki states that, on November 24, 2004, he attempted to provide timely notice of the summonses to Travis by certified mail. Miki Dec. ¶ 9. Miki admits, however, that the summonses were not actually sent to Travis until November 29, 2004. *Id.* Travis received notice of the summonses on December 1, 2004. *See* Ex. A; Ex. B.

On November 23, 2004, Miki issued a third summons, this time to Americorp International, Ltd. *See* Ex. C. Miki personally served this summons on Travis, who was the president and 50% owner of Americorp International, Ltd. Miki Dec. ¶ 11.

On December 1, 2004, Miki issued two summonses to Bank of Hawaii by registered mail. *Id.* ¶ 14. Miki gave notice to Travis by mailing copies of the summonses by certified mail. *Id.* Travis received the notices on December 3, 2004. *See* Ex. D.

On December 14, 2004, Travis, proceeding *pro se,* filed a Petition to Quash Third Party Summonses. As Defendants, Travis listed Gregory Miki, the IRS Special Agent who signed the summonses, and Mark Everson, the Commissioner of the IRS.

---

1. Pursuant to Local Rule 7.2, the court decides this motion without a hearing.

## III. ANALYSIS.

### A. The United States is the Proper Defendant in this Case.

As an initial matter, the petition must be dismissed with respect to Defendants Miki and Commissioner Everson, and the United States must be substituted as the Defendant.

■ It is well settled that "a suit against IRS employees in their official capacity is essentially a suit against the United States." *Gilbert v. DaGrossa* 756 F.2d 1455, 1458 (9th Cir.1985) (citations omitted). Accordingly, the suit against Miki and Everson is dismissed, and the United States is substituted as the Defendant.

■ Under the doctrine of sovereign immunity, the United States is immune from suit unless it has expressly waived such immunity and consented to be sued. *Id.; United States v. Shaw*, 309 U.S. 495, 500–01, 60 S.Ct. 659, 84 L.Ed. 888 (1940). The United States has consented to suit in petitions to quash IRS summonses within twenty days after notice of the summons is given. *See* 26 U.S.C. § 7609(b)(2).

Travis received the first notice of summons on December 1, 2004. He brought this action on December 14, 2004, and was therefore within the twenty-day period provided for by 26 U.S.C. § 7609(b)(2). Travis timely filed his petition, and the court turns to the merits of his petition to quash the summonses.

### B. The Summonses Are Enforceable.

■ Under 26 U.S.C. § 7609, the IRS is authorized to serve a summons on a third-party record keeper. The summons power of the IRS "is an investigative tool provided by Congress to enable the IRS to determine and assess all taxes due under the Internal Revenue Code." *United States v. Jose* 131 F.3d 1325, 1327 (9th Cir.1997).

Section 7609 also authorizes the taxpayer to challenge the summons. *See* 26 U.S.C. § 7609(b). If the taxpayer challenges the summons, the IRS may seek to enforce the challenged summons in the same proceeding. *Id.*

■ To defeat the petition to quash and to enforce the summons, the IRS has the burden of establishing a *prima facie* case for enforcement. *United States v. Powell* 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964). The IRS must show that the summons (1) is issued for a legitimate purpose; (2) seeks information relevant to that purpose; (3) seeks information that is not already within the IRS's possession; and (4) satisfies all administrative steps required by the United States Code. *Id.* The IRS's burden is "slight" and generally can be met by a sworn declaration of the revenue agent who issued the summons that the *Powell* requirements have been met. *Fortney v. United States* 59 F.3d 117, 120 (9th Cir.1995). Once the IRS has met its burden, the taxpayer faces the "heavy" burden of showing an "abuse of process" or "lack of institutional good faith." *Id.*

■ The IRS satisfies its slight burden. Miki has submitted a sworn declaration that: (1) he is conducting an investigation for the purpose of determining Travis's correct federal income tax liabilities for the years 1996 through 2003, *see* Miki Dec. ¶ 2; (2) the books, records, and testimony sought by the sumonses may be relevant to this inquiry, *see id.* ¶ 17; (3) the information sought in the summonses is not already in the IRS's possession, *see id.* ¶¶ 5, 8, 12, 15; and (4) all administrative steps required by the IRS have been substantially followed, *see id.* ¶ 19.

The burden thus shifts to Travis, who must satisfy the "heavy" burden of showing "abuse of process" or "lack of institutional good faith." Travis does not meet this burden.

Travis first alleges that the summonses are improper because, under 26 U.S.C. § 7602, administrative summonses may not be issued when there is a Justice Department referral in the case. Travis claims that a Justice Department referral may be inferred by Miki's job title of "Special Agent," which Travis claims is a "law enforcement" and "criminal investigation" position. Miki states in his Declaration, however, that "No Justice Department referral, as defined by 26 U.S.C. § 7602(d)(2), is in effect with respect to Bruce R. Travis for the years under investigation." Miki Dec. ¶ 18. Travis presents no evidence to rebut this statement. The record therefore establishes that there is no Justice Department referral with respect to Travis for the years covered by the summonses.

Travis next contends that "Special Agent Gregory Miki has violated the Third Party Summons Notice Provisions" by failing to provide proper notice of the Americorp International, Ltd., summons. That provision states that "notice of the summons shall be given to any person [identified in the summons] within 3 days of the day on which such service is made."

Miki, however, states that he himself served the Americorp International, Ltd., summons on Travis. Miki Dec. ¶ 11. Travis, in his affidavit, states that Miki "confronted" him at Travis's office, and that "Special Agent Gregory Miki abandoned the [Americorp International, Ltd.,] summons at my office on 23 November 2004." Travis Aff. at 2. Although Travis chooses to describe the service of the summons as an "abandonment," Travis concedes that Miki left the summons with him.

■ Finally, Travis raises a Fifth Amendment defense, arguing that the Americorp International, Ltd., summons "is a thinly-veiled attempt to circumvent my rights." Travis cites the Ninth Circuit's decision in *United States v. Troescher* 99 F.3d 933 (9th Cir.1996), arguing that, because the summons requires him to produce evidence about himself that might "hav[e] a tendency to incriminate," the summons violates his rights under the Fifth Amendment.

■ The Fifth Amendment privilege against self-incrimination, however, protects an individual only against the forced production of personal documents that may incriminate the individual. The privilege does not extend to the records of entities, such as corporations, partnerships, and trusts, that happen to be in the individual's possession. *See Braswell v. United States*, 487 U.S. 99, 113, 108 S.Ct. 2284, 101 L.Ed.2d 98 (1988) ("A custodian may not resist a subpoena for corporate records on Fifth Amendment grounds."); *Bellis v. United States*, 417 U.S. 85, 88, 94 S.Ct. 2179, 40 L.Ed.2d 678 (1974) (Fifth Amendment protections do not extend to partnerships). Americorp International, Ltd.'s documents are not protected by Travis's claimed Fifth Amendment privilege, and Travis fails to establish any violation of his rights.

■ The court notes that Miki did not provide Travis with notice of the Berman and Cullins summonses within the three-day time period prescribed by 26 U.S.C. § 7609. Miki, in his Declaration, states,

On November 24, 2004, I attempted to provide timely notice of the summonses in Exhibits A and B by placing copies of them in the outgoing mailbox in my office to be sent to Travis via certified mail. However, the summonses were not actually sent to Travis until November 29, 2004.

Miki served the Berman summons on November 22, 2004, and served the Cullins summons on November 23, 2004. November 29, 2004, the date that Miki sent the summonses to Travis, was more than three days after either service.

Travis, however, does not allege any prejudice from this short delay. Further, he received notice of the summonses in time to file the present petition to quash. Those courts that have addressed the issue have held that a district court may excuse the "technical" notification requirement "if, and only if, the party (or parties) entitled to statutory notification was (or were) not substantially prejudiced by the violation— that is, if the error was harmless." *Cook v. United States* 104 F.3d 886, 889 (6th Cir.1997) (citing *United States v. Ritchie* 15 F.3d 592, 600 (6th Cir.1994)); *see also Sylvestre v. United States*, 978 F.2d 25, 28 (1st Cir.1992) ("It is obvious that the purpose of notice, in advance of the date fixed for examination of records ... is to allow [petitioner] the opportunity to invoke his right to intervene and seek to quash the summons before that examination."); *United States v. Bank of Moulton* 614 F.2d 1063, 1066 (5th Cir.1980) ("We, too, decline to elevate form over substance and reject the suggestion that every infringement of a requirement of the Internal Revenue Code absolutely precludes enforcement of an IRS summons."); *Muratore v. Dept. of the Treasury* 315 F.Supp.2d 305, 312 (W.D.N.Y.2004) (procedural defect of failure to provide timely notice was not grounds to quash the summonses where petitioners failed to show prejudice). The court concludes that the short delay in providing notice is not grounds to quash the summonses.

## IV.  *CONCLUSION.*

The summonses are enforceable. Travis's petition to quash is denied, and the Government's counter-petition to enforce the summonses is granted.

IT IS SO ORDERED.