Robert L. SCHULZ, Plaintiff–
Appellant,

v.

UNITED STATES of America,
Defendant–Appellee.

No. 05–17388.

United States Court of Appeals,
Ninth Circuit.

Submitted April 16, 2007 *.

Filed April 27, 2007.

Robert L. Schulz, Queensbury, NY, pro
se.

---

* The panel unanimously finds this case suitable
 for decision without oral argument. *See* Fed.
 R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
 cation and is not precedent except as provid-
 ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable
 for decision without oral argument. *See* Fed.
 R.App. P. 34(a)(2).

Frank P. Cihlar, Esq., Michael R. Pahl, Esq., Samuel A. Lambert, Esq., DOJ–U.S. Department of Justice, Tax Division, Washington, DC, for Defendant–Appellee.

Before: GRABER, CLIFTON, and BEA, Circuit Judges.

## MEMORANDUM **

Robert L. Schulz appeals pro se from the district court's order denying his petition to quash a third party summons directed at PayPal in connection with an investigation of Schulz's internet tax evasion scheme. We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court's decision to enforce an IRS summons will not be disturbed unless its finding that the summonses were issued for a proper purpose was clearly erroneous. *Ponsford v. United States*, 771 F.2d 1305, 1307 (9th Cir.1985). The district court's denial of a motion to reconsider is reviewed for abuse of discretion. *Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court's determination upholding the summons was not clearly erroneous. The IRS submitted a declaration establishing a prima facie case that the summons was issued in good faith as part of a legitimate investigation concerning Schulz's tax liabilities and his role in assisting others in evading federal income tax laws. *See Fortney v. United States*, 59 F.3d 117, 119–20 (9th Cir.1995). The district court did not err in finding that Schulz failed to meet his burden of proving that the investigation was motivated by bad faith. *See id.* at 120 ("Once a prima facie case is made a heavy burden is placed on the taxpayer to show an abuse of process or the lack of institutional good faith.") (internal quotations omitted).

The district court did not abuse its discretion by denying Schulz's motion for reconsideration because he re-argued issues already raised and rejected and did not establish any grounds for relief. *See ACandS, Inc.*, 5 F.3d at 1263.

Schulz's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

