**Peter E. HENDRICKSON, Plaintiff—Appellant,**

v.

**UNITED STATES of America, Defendant—Appellee.**

No. 06–56129.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 13, 2007 *.

Filed Aug. 22, 2007.

Peter E. Hendrickson, Commerce Turnpike, MI, pro se.

Thomas M. Moore, Esq., USSF—Office of the U.S. Attorney, San Francisco, CA, David I. Pincus, Esq., Anthony T. Sheehan, Esq., DOJ—U.S. Department of Justice, Tax Division/Appellate Section, Washington, DC, for Defendant–Appellee.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: KLEINFELD, SILVERMAN, and M. SMITH, Circuit Judges.

## MEMORANDUM **

Peter E. Hendrickson appeals pro se from the district court's order denying his petition to quash a summons directed at the EBAY/PayPal fraud investigation team in connection with an investigation into Hendrickson's internet tax evasion business, Lost Horizons. We have jurisdiction pursuant to 28 U.S.C. § 1291. The district court's decision to enforce an IRS summons will not be disturbed unless its finding that the summons was issued for a proper purpose was clearly erroneous. *Ponsford v. United States,* 771 F.2d 1305, 1307 (9th Cir.1985). We affirm.

The district court's determination upholding the summons was not clearly erroneous. The IRS submitted a declaration establishing a prima facie case that the summons was issued in good faith as part of a legitimate investigation into Hendrickson's tax liabilities and his role in assisting others in evading federal income tax laws. *See Fortney v. United States,* 59 F.3d 117, 119–20 (9th Cir.1995). Furthermore, Hendrickson did not establish that the investigation was motivated by bad faith. *See id.* at 120 ("Once a prima facie case is made a heavy burden is placed on the taxpayer to show an abuse of process or the lack of institutional good faith.") (internal quotations omitted).

Hendrickson's remaining contentions are unpersuasive.

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

