William WALLER, Plaintiff—
Appellant,

v.

UNITED STATES of America; et al., Defendants—Appellees.

No. 07–15319.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 24, 2008.[*]

Filed Dec. 2, 2008.

William Waller, Las Vegas, NV, per se.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Richard Farber, Kenneth W. Rosenberg, DOJ–U.S. Department of Justice, Washington, DC, for Defendants–Appellees.

Before: ALARCÓN, LEAVY, and TALLMAN, Circuit Judges.

MEMORANDUM **

William Waller appeals pro se from the district court's order denying his petition to quash the Internal Revenue Service ("IRS") summonses issued to twenty-four entities in an investigation of his tax liabilities for the years 1998 through 2004. We have jurisdiction under 28 U.S.C. § 1291 and 26 U.S.C. § 7609(h)(1). We review for clear error the denial of a petition to quash an IRS summons and de novo the district court's interpretation of a statute. *Fortney v. United States,* 59 F.3d 117, 119 (9th Cir.1995). We review for abuse of discretion the district court's denial of Waller's motion for reconsideration. *Fireman's Fund Ins. Cos. v. Alaskan Pride Pshp.,* 106 F.3d 1465, 1470–71 (9th Cir.1997). We affirm.

The district court did not err when it concluded that Waller lacked standing to petition to quash the nineteen summonses issued to entities that are not third-party record keepers. A person has standing to petition to quash only if he/she is entitled under 26 U.S.C. § 7609(a) to notice of issuance of a summons, and under 26 U.S.C. § 7609(a)(2)(A) notice was required to be given to Waller only for summonses issued to third-party record keepers as

defined by Section 7063(b)(2). *See Ip v. United States,* 205 F.3d 1168, 1170 n. 3 (9th Cir.2000); *Chen Chi Wang v. United States,* 757 F.2d 1000, 1002 (9th Cir.1985). Because Waller lacks standing to petition to quash these summonses, we cannot consider his contentions that they were procedurally defective.

The district court also did not err in holding that it lacked jurisdiction to consider the petition to quash the summonses issued to the twelve entities that neither reside nor are "found" in Nevada's jurisdiction. *See* 26 U.S.C. § 7609(h)(1); *Fortney,* 59 F.3d at 119 (holding that a district court lacks jurisdiction to consider petitions to quash summonses issued to entities not residing or "found" in the court's geographical jurisdiction). We are not persuaded by Waller's contention that considerations of judicial economy are sufficient to overcome this jurisdictional defect. Moreover, the district court did not abuse its discretion in denying Waller's motion to alter the judgment. *See 389 Orange St. Partners v. Arnold,* 179 F.3d 656, 665 (9th Cir.1999) (setting forth grounds for reconsideration).

Finally, the district court did not err in denying Waller's petition to quash the remaining two summonses over which it had jurisdiction. The United States made a *prima facie* showing, which Waller failed to rebut. *See United States v. Powell,* 379 U.S. 48, 57–58, 85 S.Ct. 248, 13 L.Ed.2d 112 (1964); *Fortney,* 59 F.3d at 120 (petitioner has burden to rebut by showing lack of good faith or abuse of process). We are not persuaded by Waller's contention that the summonses were issued impermissibly to gather evidence for a criminal investigation; Waller has not shown that the IRS's investigation is for any purpose other than

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

to determine tax liability or to "inquir[e] into any offense connected with the administration or enforcement of the internal revenue laws." 26 U.S.C. § 7602(a), (b). We decline to reach Waller's contention, first raised on appeal, that the district court's order is infirm because the summonses have not been enforced. *See Smith v. Marsh,* 194 F.3d 1045, 1052 (9th Cir.1999) (stating that, as a general rule, we will not consider arguments that are first raised on appeal).

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.