**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| **MARCON, INC., et al,** | No. 10-35464 |
| Petitioners-Appellants, | D.C. No. 1:08-mc-06562-EJL-REB |
| v. | |
| **UNITED STATES OF AMERICA,** | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the District of Idaho
Edward J. Lodge, District Judge, Presiding

Submitted October 13, 2011**
Seattle, Washington

Before: **KOZINSKI**, Chief Judge, **PAEZ**, Circuit Judge, and **COLLINS**, District Judge.***

Taxpayers MarCon, Inc. and Elaine Martin appeal the district court's denial of

---

\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Raner C. Collins, United States District Judge for the District of Arizona, sitting by designation.

their petition to quash an IRS summons issued to a third-party record keeper in December 2008. We review the denial of a petition to quash an IRS summons for clear error. Fortney v. United States, 59 F.3d 117, 119 (9th Cir. 1995). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we AFFIRM.

The IRS met its burden under United States v. Powell, 379 U.S. 48 (1964), to make a *prima facie* showing that the December summons issued in good faith, and this showing was not refuted by Taxpayers. The December summons was not tainted by an earlier summons because (1) if the IRS already possessed the information requested in the earlier summons, then the earlier summons did not form the basis for the December summons, and (2) the earlier summons properly issued. The IRS wasn't obligated to give notice , and it didn't already possess the requested information. In addition, the December summons did not issue for the improper purpose of furthering a criminal investigation because (1) the matter had not yet been referred to the Department of Justice for prosecution, and (2) there is no evidence in the record that the IRS delayed such a referral in bad faith. See United States v. Stuart, 489 U.S. 353, 362-63 (1989).

**AFFIRMED.**