**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOHN B. RAMIREZ, as the person (last shareholder responsible for the assets and liabilities of the dissolved corporation Pro Business Coach, Inc.),<br><br>　　　　　　Petitioner - Appellant,<br><br>　v.<br><br>UNITED STATES OF AMERICA; et al.,<br><br>　　　　　　Respondents - Appellees. | No. 13-56088<br><br>D.C. No. 8:13-cv-00268-JVS-RNB<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted May 13, 2015[**]

Before:　　LEAVY, CALLAHAN, and M. SMITH, Circuit Judges.

　　John B. Ramirez appeals pro se from the district court's judgment

dismissing his action alleging claims arising from the Internal Revenue Service's

_____

　　[*]　　This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

　　[**]　　The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

(IRS) inquiries into his tax liabilities and the court's order denying Ramirez's petition to quash IRS summonses issued to third-party financial institutions. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal for lack of subject matter jurisdiction, *Serra v. Lappin*, 600 F.3d 1191, 1195 (9th Cir. 2010), and review for clear error summons enforcement decisions, *United States v. Richey*, 632 F.3d 559, 563 (9th Cir. 2011). We affirm.

The district court properly dismissed Ramirez's *Bivens* claim against the IRS agents. *See Adams v. Johnson*, 355 F.3d 1179, 1183-86, 1188 (9th Cir. 2004) (*Bivens* relief is unavailable for "allegedly unconstitutional actions of IRS officials engaged in tax assessment and collection" or where Congress has provided meaningful statutory remedies for federal wrongs).

The district court properly dismissed Ramirez's abuse of process claim because it was preempted by the Federal Tort Claims Act ("FTCA"). *See* 28 U.S.C. § 2680(c) (excluding from the FTCA "[a]ny claim arising in respect of the assessment or collection of any tax"); *Meridian Int'l Logistics, Inc. v. United States*, 939 F.2d 740, 743 n.1 (9th Cir. 1991) ("[T]he FTCA is the exclusive mode of recovery for the tort of a Government employee even when the FTCA itself precludes Government liability." (citation and internal quotation marks omitted)).

The district court did not abuse its discretion by denying Ramirez leave to

amend his complaint because amendment would have been futile. *See Serra*, 600 F.3d at 1195, 1200 (setting forth standard of review and explaining that leave to amend may be denied where amendment would be futile).

The district court properly denied Ramirez's petition with respect to the three December 12, 2012, summonses because Ramirez failed to rebut the IRS's showing that the summonses were issued in good faith. *See Richey*, 632 F.3d at 564 (a taxpayer has a heavy burden to show an abuse of process or lack of good faith once the IRS makes a prima facie showing that a summons was issued for a legitimate purpose).

Ramirez failed to raise any arguments with respect to the November 13, 2012, and January 30, 2013, summonses. Because "arguments not raised by a party in its opening brief are deemed waived," *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir. 1999), we affirm the district court's denial as to these summonses.

We reject Ramirez's contentions concerning protection from witness tampering.

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009) (per curiam).

**AFFIRMED.**

13-56088