**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 24 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT C. RAINS; RENEE RAINS, | No. 18-55992 |
| Petitioners-Appellants, | D.C. Nos. 2:17-mc-00074-DMG-MRW |
| v. | 2:17-mc-00075-DMG-MRW 2:17-mc-00076-DMG-MRW |
| UNITED STATES OF AMERICA, | |
| Respondent-Appellee. | MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Dolly M. Gee, District Judge, Presiding

Submitted October 22, 2019[**]
Pasadena, California

Before: CALLAHAN and OWENS, Circuit Judges, and RESTANI,[***] Judge.

Robert and Renee Rains ("the Rainses") appeal from the district court's

judgment denying the Rainses' petitions to quash three third-party summonses

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

issued by the Internal Revenue Service ("IRS") in connection with its audit of the Rainses' individual tax returns. We review for clear error the district court's denial of a petition to quash an IRS summons, except to the extent that the district court interpreted statutory law, which we review de novo. *Fortney v. United States*, 59 F.3d 117, 119 (9th Cir. 1995). We review for abuse of discretion a district court's denial of an evidentiary hearing. *Id*. at 121. As the parties are familiar with the facts, we do not recount them here. We affirm.

1.      The district court did not clearly err by denying the Rainses' petitions to quash the summonses. To defeat a petition to quash a summons, the government must make a prima facie showing of good faith by establishing the *Powell* requirements, which include that the summons was issued for a legitimate purpose and that the information being sought is not already in the IRS's possession. *Crystal v. United States*, 172 F.3d 1141, 1143-44 (9th Cir. 1999) (citing *United States v. Powell*, 379 U.S. 48, 57-58 (1964)). "The government's burden is a slight one, and may be satisfied by a declaration from the investigating agent that the *Powell* requirements have been met." *Id*. at 1144 (citation omitted). Once the government makes a prima facie showing of good faith, the taxpayer challenging the summons bears the "heavy" burden of showing the summons was issued in "bad faith" or for an "improper purpose." *Id*. (citation omitted).

Here, the government made a prima facie showing of good faith, which

included the IRS agent's declaration that she issued the three summonses to determine whether the Rainses had committed fraud. The Rainses argue that the summonses were not issued for a legitimate purpose, and the IRS already possessed the information sought, because the IRS purportedly had made a fraud determination prior to issuing the summonses. However, the record does not support the Rainses' contentions. The Rainses have not carried their "heavy" burden of showing that the summonses were issued in "bad faith" or for an "improper purpose." *Id*. (citation omitted).

2.    The district court properly determined that the IRS did not violate the "one inspection" rule of 26 U.S.C. § 7605(b). Section 7605(b) provides that "[n]o taxpayer shall be subjected to unnecessary examination or investigations, and *only one inspection* of a taxpayer's books of account shall be made for each taxable year[.]" 26 U.S.C. § 7605(b) (emphasis added). The Rainses argue that the IRS violated § 7605(b) by auditing their individual tax returns after auditing the corporate tax returns of The Complete Logistics Company Inc., a corporation wholly-owned by the Rainses through a living trust. However, the IRS did not violate the plain language of § 7605(b) because the two audits involve different "taxpayer[s]." 26 U.S.C. § 7605(b); *see also Kolom v. Comm'r*, 644 F.2d 1282, 1289 (9th Cir. 1981) (noting that corporate audit differed from individual audit for purposes of § 7605(b)).

3

3.      Finally, the district court did not abuse its discretion by denying the Rainses an evidentiary hearing.  The Rainses fail to "point to specific facts or circumstances plausibly raising an inference of bad faith" by the government in issuing the summonses.  *United States v. Clarke*, 573 U.S. 248, 254 (2014).

**AFFIRMED**.